ownership of the property could not be suspended to a period beyond such minorities; but in determining that case the court says:

"We should feel disposed to the trust in favor of the other children, except that for the reason to uphold those, while setting aside the trust in favor of Anna Augusta, would seriously interfere with the intention of the testator that all the children and their issue should share equally in his estate, and would produce great injustice. The result of suspending the trust in favor of the other children would be that each would take one-fourth share of the estate, and also, as heirs and distributees, an equal share with Anna Augusta in the share intended for her. No case, we think, can be found which would justify upholding a part of a will, when by so doing it would produce such manifest injustice."

No such injustice will result in this case from this construction of the will, but, on the contrary, effect would be given to the expressed intention that the estate should not be sold until the coming of age of the youngest of his infant daughters, and a substantial provision for the widow secured.

It follows that the judgment appealed from must be modified by declaring valid the trusts created by the first, second, and third subdivisions of the clause of the will in question, and as void the trust created by the sixth subdivision of the said clause, and upon the termination of the trusts that one-third of the proceeds of the testator's real estate be declared personalty, and be distributed among the widow and next of kin of the deceased as personal property, the costs of the plaintiffs and the guardian ad litem to be paid out of the estate.

McLAUGHLIN and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). For the reasons stated in the opinion of Mr. Justice FREEDMAN in the court below, I think the judgment should be affirmed.

RUMSEY, J., concurs.

(58 App. Div. 188.)

MUTUAL LIFE INS. CO. OF NEW YORK v. TOPLITZ et al.

(Supreme Court, Appellate Division, First Department. February 15, 1901.)

1. PLEADING—SHAM ANSWER—STRIKING OUT.
        In an action to foreclose a mortgage, defendant, in the third paragraph of his answer, alleged that at the commencement of the action there was another action pending, in which the plaintiff was one of the defendants, and set up the same cause of action alleged in the complaint as a counterclaim against the defendants, who were the plaintiffs in said action, and demanded an affirmative judgment thereon. On plaintiff's motion, the paragraph was stricken out as sham. *Held*, that though such allegations, in the absence of an allegation that judgment had been entered in the action specified, would not be a good defense in this action, the allegation, being true, should not have been stricken out as sham.

2. SAME—FRIVOLOUS ANSWER—GENERAL ISSUE.
        In an action to foreclose a mortgage, the complaint alleged that taxes and assessments had been levied on the property and paid by plaintiff. Defendants in their answer denied knowledge or information sufficient to form a belief as to such allegations. The answer was overruled as frivolous, and judgment directed for plaintiff. Code Civ. Proc. § 1207,

provides that a judgment, where no answer is interposed, cannot be more favorable to the plaintiff than that demanded in his complaint. Section 500, subd. 1, provides that the answer of defendant must contain a general or specific demand of each material allegation of the complaint controverted by the defendant, "or of any knowledge or information thereof sufficient to form a belief." *Held*, the allegations of the complaint were necessary to plaintiff's recovery of those items, and defendants' answer raised the general issue on such allegations, and put plaintiff to the proof thereof; hence the order overruling the answer as frivolous, and directing judgment for plaintiff, should be reversed.

Appeal from special term, New York county.

Action by the Mutual Life Insurance Company of New York against Solomon B. Toplitz and others. From an order striking out the third paragraph of the answer as sham, and overruling the remainder of the answer as frivolous, and directing judgment for plaintiff, defendants Toplitz and others appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Henry Brill, for appellants.
Herbert Barry, for respondents.

INGRAHAM, J.    The action was brought to foreclose a mortgage. The complaint alleged that the mortgage contained a provision that in default of the payment by the mortgagor of all taxes, charges, and assessments which might be imposed by law upon the said mortgaged premises, it should be lawful for the mortgagees to pay the amount of such tax, charge, or assessment, and the amount so paid, with the interest thereon, to be a lien on the said premises, and to be secured by the said mortgage, and that, in pursuance of this authority conferred on the mortgagees, the plaintiff paid certain taxes and assessments and water rates levied and assessed against the said mortgaged premises, aggregating $786, which sum had not been paid by the mortgagor; and the plaintiff demanded judgment that any sum which had been paid for taxes and assessments on the mortgaged premises should be recovered in this action.    The defendants interposed an answer, by the second paragraph of which they deny knowledge or information sufficient to form a belief as to paragraphs 9 and 10 of the complaint, which contained the allegation as to payment of the taxes and assessments upon the property; and by the third paragraph of the answer the defendants allege that at the commencement of the action there was another action pending in the supreme court, in which the plaintiff in this action was one of the defendants, and set up the same cause of action alleged in the complaint as a counterclaim against these defendants, who were the plaintiffs in said action, and demanded an affirmative judgment thereon.    The order appealed from struck out as sham the third paragraph of the answer, and overruled the remainder of the said answer as frivolous, and directed judgment for the plaintiff as demanded in the complaint.    I do not think that the defense alleged in the third paragraph of the answer was sham.    Upon the papers submitted it appears that that allegation was true, as there was such an action pending; and if it is conceded that such a defense, without an allegation that judgment had been

entered in the action specified, would not be a good defense to this action, it was not sham, and should not have been stricken out. Nor do we think that the plaintiff was entitled to judgment on the answer as frivolous. The defendants deny knowledge or information sufficient to form a belief as to the ninth and tenth subdivisions of the complaint, which allege the payment by the plaintiff of the taxes upon the property. Such a denial plainly put at issue the allegations of the complaint as to the payment of such taxes and assessments, and, before the plaintiffs could recover for the payment of such taxes and assessments, they were required to prove upon the trial the actual payment thereof. The rule as stated in Sidenberg v. Ely, 90 N. Y. 257, that a mortgagee could pay the taxes, and recover for them as part of the mortgage debt, does not dispense with the necessity of an allegation of such payment in the complaint, with a demand that the amount so paid be added to the amount secured by the mortgage. Without such an allegation and demand for judgment under the provision of the Code that a judgment, where no answer is interposed, cannot be more favorable to the plaintiff than that demanded in complaint (Code Civ. Proc. § 1207), the plaintiff could only recover the amount due on the bond to secure which the mortgage was given. By subdivision 1 of section 500 of the Code it is provided that the answer of the defendant must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, "or of any knowledge or information thereof sufficient to form a belief." This allegation of the answer is clearly sufficient, within this provision of the Code. It denies knowledge or information sufficient to form a belief as to paragraphs 9 and 10 of the complaint; and upon these allegations of the complaint the general issue was raised, and in determining that issue the defendants had the right to a trial. Since the case of Thompson v. Railroad Co., 45 N. Y. 468, it has been settled, where an answer contained a general denial of several allegations of the complaint, that as to those allegations the answer is as fully a general denial as is an answer denying the whole complaint; that the allegations denied must be met by proof, and such proof must, in such a case, as well as in that of a general denial of the whole complaint, be the common-law proof which the defendant has the constitutional right to require; and this rule is applicable whether the complaint sets up a claim formerly cognizable by a court of law, or one entertained only in a court of equity.

It follows that the plaintiff was improperly awarded judgment at the special term, and the order appealed from must be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs. All concur.