(65 App. Div. 174.)

ALEXANDER et al. v. ARONSON et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

PLEADING—GENERAL ISSUE—DENIAL OF KNOWLEDGE OR INFORMATION — SHAM ANSWER.

In an action to foreclose a mortgage, where defendant denied any knowledge or information sufficient to form a belief as to the allegations of execution, delivery, and failure to comply with the conditions of the bond, such denial raised the general issue, under Code Civ. Proc. § 500, subd. 1, permitting denial in that form, and was improperly stricken out as sham.

Appeal from special term, New York county.

Action by Sophia B. Alexander and another against Caspar Aronson and others. From an order striking out the answer as sham, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Nathaniel Cohen, for appellants.

Hoffman Miller, for respondents.

INGRAHAM, J. The action was brought to foreclose a mortgage. Paragraph 1 of the complaint sets forth the execution and delivery by the defendants Aronson and Cohen of the bond; paragraph 2, the execution and delivery by the defendant Aronson of the mortgage to secure the payment of the bond; and paragraph 3, that the defendants have failed to comply with the conditions of the bond and mortgage, by omitting to pay an installment thereon. The defendant Aronson, in answer, denies any knowledge or information sufficient to form a belief as to the allegations of paragraphs 1, 2, and 3 of the complaint, and this answer is duly verified. It is in form such as is authorized by subdivision 1 of section 500 of the Code of Civil Procedure, which allows a denial of "any knowledge or information thereof sufficient to form a belief," and thus as to these allegations of the complaint the general issue was raised.

It has long been settled in this state that in an action in equity, as well as at law, where the answer raises the general issue as to any material allegation of the complaint, that issue must be determined by a trial, and that a denial which raises such an issue cannot be stricken out as sham. This was settled by the case of Thompson v. Railroad Co., 45 N. Y. 468, and since that time it has never been seriously disputed. The question has been several times presented to this court, and it has been uniformly held that, where a material allegation of the complaint is denied by the answer, such denial cannot be stricken out as sham. The exact question was presented to this court in the case of Insurance Co. v. Toplitz, 58 App. Div. 188, 68 N. Y. Supp. 680. See, also, Howe v. Elwell, 57 App. Div. 357, 67 N. Y. Supp. 1108; Reese v. Walworth, 61 App. Div. 65, 69 N. Y. Supp. 1115.

It follows that the order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.