(38 Misc. Rep. 671.)

### NICHOLS et al. v. CORCORAN et al.

(Supreme Court, Special Term, New York County. September, 1902.)

1. PLEADING—ANSWER.

An answer denying any knowledge or information sufficient to form a belief as to material allegations of the complaint cannot be stricken out as sham.

2. SAME.

Where an answer denies any knowledge or information sufficient to form a belief as to material allegations of the complaint, the court cannot say that it is untrue because the party presumably had sufficient knowledge to deny absolutely the allegations if they were untrue.

Action by James E. Nichols and others against Mary Corcoran and others. Motion to strike out answer as sham and for judgment on the pleadings. Denied.

H. D. Hotchkiss, for the motion.

Hacket & Williams, opposed.

GILDERSLEEVE, J. The complaint sets forth a cause of action for goods sold and delivered by plaintiffs to defendants, who, as alleged in the complaint, were executrices of the will of one John Corcoran, and were continuing the grocery business of the said Corcoran, deceased, as his executrices, without any provision in the will of said Corcoran authorizing such continuance. The answer denies any knowledge or information sufficient to form a belief as to the sale of the goods, or any part thereof, and as to the alleged indebtedness, or any part thereof. The plaintiff moves to strike out the answer as sham, and for judgment, as demanded in the complaint. The rule is that, where the answer raises the general issue as to any material allegations in the complaint, that issue must be determined by a trial, and a denial, which raises such an issue, cannot be stricken out as sham. Alexander v. Aronson, 65 App. Div. 175, 72 N. Y. Supp. 640. As in the case above cited, the answer in the case at bar denies any knowledge or information sufficient to form a belief as to material allegations of the complaint, and, as was pointed out by Mr. Justice Ingraham, in the case above cited, "it is a form such as is authorized by subdivision 1 of section 500 of the Code, which allows a denial of any knowledge or information sufficient to form a belief, and thus as to these allegations of the complaint the general issue was raised." Alexander v. Aronson, supra; Insurance Co. v. Toplitz, 58 App. Div. 190, 68 N. Y. Supp. 680. Plaintiffs urge that defendants must necessarily have personal knowledge as to whether or not there was a sale and a consequent indebtedness, as alleged in the complaint. In answer to this, it may, perhaps, be suggested that, as appears from the complaint, the defendants were acting as executrices of the former owner of the stores, and allowed the business to continue for a time after the death of their testator, and that it is not, therefore, a necessary conclusion that they were conducting the business themselves personally, or had personal knowledge of the alleged sale. They have seen fit to throw upon plaintiffs the obligation of proving a sale, of which the defendants themselves have no personal knowledge, or even information sufficient to form a belief, as appears from their sworn

statement. In the case of Howe v. Elwell, 57 App. Div. 358, 67 N. Y. Supp. 1108, Mr. Justice Edwards says: "The court cannot say that a denial on information and belief is untrue because the party presumably had sufficient knowledge to deny absolutely the allegation if it were untrue." So, in the case at bar, I cannot state that the defendants did, in point of fact, have sufficient knowledge to form a belief in spite of their sworn denial of such knowledge or information. In view of the authorities above cited, I am of the opinion that this motion must be denied. No costs.

Motion denied. No costs.