(88 App. Div. 496.)

### HIDDEN v. GODFREY et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. PLEADING—ANSWER—DENIAL OF INFORMATION.

    An answer denying knowledge and information sufficient to form a belief as to the allegations contained in specified paragraphs of the complaint, comprising all the essential paragraphs, constituted a substantial compliance with Code Civ. Proc. § 500, providing that the answer must contain a denial of each material allegation of the complaint controverted by the defendant, or "of any knowledge or information" thereof sufficient to form a belief.

Appeal from Special Term, New York County.

Action by Thomas B. Hidden against Fred S. Godfrey and others. From an order overruling the answer of defendant Marion E. D. Van Dyke as frivolous, and directing judgment thereon, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Josiah Canter, for appellant.
Wm. D. Gaillard, for respondent.

O'BRIEN, J. The complaint herein was the usual one in an action to foreclose a mortgage. The answer of the defendant Van Dyke was a denial in the following words:

"Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 [comprising all the essential paragraphs] of the complaint."

Section 500 of the Code of Civil Procedure provides that the answer must contain "a general or specific denial of each material allegation of the complaint * * * or of any knowledge or information thereof sufficient to form a belief." The object and purpose sought by this latter form of denial is to permit one who has not sufficient knowledge or information to form a belief as to whether the allegations of the complaint are or are not true to put the plaintiff, with respect to such allegation, to his proof. Cases can be found wherein it has been held that, where the defendant avails himself of this form of pleading, the provisions of section 500 of the Code must be complied with literally and strictly. We think, however, that the weight of authority, as well as reason, is in favor of requiring not a literal, but a reasonably strict, compliance with the terms of this section of the Code. Here the language of the denial follows the Code provision, except in the particular that it omits the word "any"; but, as the greater included the less, a denial of "knowledge or information" includes a denial of "any knowledge or information."

We think, therefore, that there was not only a substantial, but a reasonably strict, compliance with section 500 of the Code of Civil Procedure. As a denial in this form is equivalent to a general denial, which puts in issue the allegations of the complaint at which it is directed, we do not think it can be stricken out as frivolous; and for that reason we think that the order entered was erroneous, and should be reversed, with $10 costs and disbursements, and the motion for judgment on the answer as frivolous should be denied, with costs. All concur.