of the right to change the place of trial to the proper county. The defendant accepted a benefit from the plaintiff under an agreement that he would try the case in Westchester county. After receiving the advantage of a stipulation, it was too late, and against good conscience, to repudiate the consideration."

In Nash v. Silver Lake Ice Co. (Sup.) 6 N. Y. Supp. 913, the defendant applied for three extensions of time to answer, which were granted. A motion by the plaintiff to shorten the time of the defendant to answer was denied upon defendant stipulating to "accept short notice of trial at the May term of this court," and to "apply for no further extension of time to answer." Upon a subsequent motion by the defendant for the removal of the cause to the proper county it was held that by accepting the denial of plaintiff's motion, and stipulating to accept short notice of trial for a specified term in the county wherein the venue rested, he waived his right to have the same removed to another county, even although otherwise he would have been entitled to such removal as a matter of right. Rodie v. Verdon, 22 Misc. Rep. 409, 49 N. Y. Supp. 178. It seems to us that the grounds upon which the decisions in the cases cited were based were sound and equitable, and in principle apply to the case at bar. The defendant's notice of trial advised the plaintiff that he expected to try the cause at the December term. It in terms said: "The above cause will be brought to trial at the next trial term of this court, appointed to be held in and for the county of Yates, at the courthouse in the village of Penn Yan, on the 1st day of December, 1902;" and, acting upon that notice, the plaintiff prepared for the trial at that term. Under the circumstances of this case we think it should be held that the service of the notice of trial, and the motion for a postponement of the trial upon the ground of the illness of a material witness for the defense, constituted a waiver of the defendant's right to afterwards move for a change of venue. The application for the postponement was in harmony with the evident intention of the defendant to try the cause in Yates county, and "good conscience" should prevent his being permitted to secure an advantage for which he apparently was willing to pay by way of costs the sum of $20, and then attempt to "repudiate the consideration" to the prejudice of the plaintiff by a subsequent motion to change the place of trial.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(92 App. Div. 373.)

HIDDEN v. VAN DYKE.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. Mortgages—Foreclosure—Order Overruling Answer—Reversal on Appeal—Proceedings in Lower Court.

An order overruling the answer on foreclosure of a mortgage and directing judgment for plaintiff was reversed on appeal, and motion for judgment denied, but prior thereto a judgment of foreclosure was entered, and subsequently a resale thereunder was directed, unless the purchase under the first sale thereunder was completed. *Held*, that on the reversal of the order and denial of the motion appellant was absolutely entitled to the vacation of the judgment on application therefor, and that

staying a readvertisement of the sale until after the determination of the issues raised by the answer did not protect appellant's rights.

**2. SAME.**

Though the judgment must thereupon be vacated, the sale need not be set aside, as the effect to be given thereto can be determined after the issues raised by the answer have been tried, and in a proceeding in which the purchaser is a party.

Appeal from Special Term, New York County.

Action by Thomas P. Hidden against Marion E. D. Van Dyke and others. From an order denying a motion to vacate a judgment of foreclosure and to set aside a sale thereunder, defendant Van Dyke appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Bien, for appellant.

William D. Gaillard, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mortgage for $80,000 upon certain real estate in the city of New York. The defendant Van Dyke interposed an answer, which was overruled upon the ground that it was frivolous, and a judgment of foreclosure was entered on the 17th of September, 1903. On the 14th of October, 1903, a sale was had in pursuance of the judgment, and the premises purchased by one Corwin for $141,000, 10 per cent. of the purchase price being paid to the referee at the time of the sale. Corwin thereafter refused to complete the purchase, he having been notified by the attorney of the appellant that the judgment was irregular, and that an appeal had been taken from the order overruling the answer interposed by the appellant. Subsequently, upon application, an order was entered directing that the premises be resold unless Corwin, on or before the 14th of December, 1903, complete the purchase, and upon such resale he be held liable for any deficiency which might arise. Prior to the 14th of December, 1903, the order overruling the answer as frivolous and directing judgment for the plaintiff was reversed by this court, and the motion for judgment denied (Hidden v. Godfrey, 88 App. Div. 496, 85 N. Y. Supp. 197), and thereupon the appellant moved for an order vacating the judgment and setting aside the sale. The motion was denied, but the plaintiff was stayed from readvertising the sale until after the determination of the issues raised by the defendant's answer had been disposed of. It is from this order that the present appeal is taken.

I think the motion, in so far as it asked to have the judgment vacated, should have been granted. This court had, prior to the time the motion was made, determined that the order overruling the appellant's answer as frivolous was erroneous, and that the motion for judgment on the answer as frivolous should have been denied. This determination was binding upon the Special Term, and should have controlled its action when the motion was thereafter made to vacate the judgment. When this court reversed the order overruling the answer as frivolous and directing the entry of judgment, the judgment itself necessarily fell, inasmuch as this determination left an issue raised by the plead-

ings in the action to be tried and disposed of before any judgment could be entered. It is no answer to the suggestion that the appellant under the decision of this court was entitled to have the judgment vacated to say that the disposition made by the Special Term protects whatever rights she has. It does not do. that. The plaintiff has a judgment against her to which he is not entitled, and necessarily cannot be until the issues raised by the answer have been tried. Nor was there any discretion in the Special Term, after this court reversed the order and denied the motion, but to vacate the judgment when application was made for that purpose. As to the sale, it is unnecessary to determine at this time what effect should be given to it. That question can be determined after the issues raised by the answer have been tried, and in a proceeding in which the purchaser is a party. Schieck v. Donohue, 81 App. Div. 168, 80 N. Y. Supp. 739.

It follows that the order appealed from must be reversed so far as it denied the motion to vacate the judgment, and to that extent the motion should be granted, with $10 costs and disbursements of appeal, and $10 costs of motion.

VAN BRUNT, P. J., and O'BRIEN and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.

───────────

(92 App. Div. 376.)

### In re FERRIGAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. ADMINISTRATOR—APPOINTMENT—APPLICATION OF NONRESIDENT· ALIEN.

Code Civ. Proc. § 2660, prescribes the persons entitled to letters of administration, and fixes their priorities. Section 2661 provides that letters of administration shall not be granted to a person not a citizen of the United States, unless he is a resident of the state. Section 2662 provides that a person entitled absolutely or "contingently" to administration may present to the Surrogate's Court a petition praying for letters to himself, or to such other person having a prior right as is entitled thereto, etc. *Held*, that a nonresident alien was not entitled to file a petition and secure the appointment of his resident attorney, he not being "contingently" entitled to letters himself.

Appeal from Surrogate's Court, New York County.

Proceedings for the appointment of an administrator de bonis non of the estate of Rose Ferrigan, deceased. From an order appointing the attorney of A. Nicholas Sheridan, assignee of the next of kin, the Lawyers' Surety Company, surety on bond of the deceased administrator, appeals. Reversed.

See 56 N. Y. Supp. 1107.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Carlisle Norwood, for appellant, Lawyers' Surety Company.
George H. Starr, for petitioner.
William T. Carlisle, for respondent William H. Kehun.

McLAUGHLIN, J. On the 15th of October, 1893, Rose Ferrigan, a resident of the city of New York, having personal property therein,