ELECTRICAL ACCESSORIES COMPANY, Respondent, *v.* SAMUEL S. MITTENTHAL, Appellant, Impleaded with Others.

Pleading — vague or uncertain pleading — proceedings thereon — " negative pregnant " defined.

When an answer is in any respect vague or uncertain a plaintiff has the right to compel a correction thereof by proper preliminary motion, and if he fails to do so the answer is to be construed most strongly against him. A negative pregnant is a denial " pregnant with the admission of a substantial fact which is apparently controverted; or, in other words, one which, although in the form of a traverse, really admits the important fact contained in the allegation."

Denials in the answer considered in connection with the allegations of the complaint. *Held*, that as the denials were sufficient in form and raised a material issue, and were not subject to the criticism of embodying a negative pregnant, the answer could not properly be stricken out as frivolous.

*Electrical Accessories Co.* v. *Mittenthal*, 128 App. Div. 902, reversed.

(Argued February 8, 1909; decided March 5, 1909.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 16, 1908, which affirmed an order of Special Term granting a motion to strike out the answer of the appellant herein as frivolous and directing judgment for plaintiff.

The following question was certified : " Does the answer of the defendant Samuel S. Mittenthal sufficiently deny the allegation of sales contained in the plaintiff's complaint to tender the issue thereon ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leon Laski* for appellant. The denials contained in the defendant's answer tender a material issue of fact. (Code Civ. Pro. § 500 ; *Rochkind* v. *Perlman*, 123 App. Div. 808 ; *Jurgens* v. *Wichman*, 124 App. Div. 531 ; *Schlesinger* v. *Wise*, 106 App. Div. 587 ; *Bedlow* v. *Stillwell*, 45 App. Div. 557; *Stuart* v. *Binsse*, 10 Bosw. 436 ; *Woodruff* v. *Cook*, 25 Barb. 505 ; *Frank* v. *Miller*, 116 App. Div. 855 ; *Stern* v. *Marcuse*, 119 App. Div. 478 ; *S. P. Co.* v. *Talcott*, 129 App. Div. 14 ; *Cavanaugh* v. *O. S. N. Co.*, 19 Civ. Pro. Rep. 315 ; *Gross* v. *Bock*, 11 N. Y. S. R. 295 ; *Law* v. *Maher*, 9 N. Y. Wkly. Dig. 38.)

*Justin S. Galland* for respondent. Defendant's answer raises no issue as to any of the allegations of the complaint. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Tate* v. *A. W. Co.*, 114 App. Div. 106.) Defendant's answer tenders no issue to the allegation of sales in the complaint. (Gould on Pleading [5th ed.], 295, §§ 29, 30 ; *Burt* v. *McKinstry*, 4

Minn. 146; *Dillon* v. *Spokane Co.*, 3 Wash. 498; *Moulton* v. *Thompson*, 26 Minn. 120; *Lynn* v. *Picket*, 7 Minn. 184; *Masters* v. *Lash*, 61 Cal. 622; *Eames* v. *Hover*, 111 Cal. 401; *Thompson* v. *Halbert*, 109 N. Y. 329.)

HISCOCK, J.   The answer of the appellants, consisting of denials, seems to have been stricken out as frivolous at the Special Term upon one or perhaps both of two theories. One of these was that the denials relied on were subject to the vice of being or containing a negative pregnant, and the other one was that the allegations of the complaint which the answer purported to deny were not material to respondent's recovery, and that, therefore, no sufficient issue was raised.

We think that the order appealed from cannot be sustained on either theory, and must be reversed.

The respondent brought his action to recover one thousand dollars, part consideration for the assignment and transfer to the appellants of certain rights in and to an invention for improvements in portable electric fountains and under letters patent granted therefor. One thousand dollars was paid on the assignment, and the balance of four thousand dollars, as alleged in the complaint, was to be paid "by the payment of five per cent upon the gross sales of said fountains until the full amount of four thousand ($4,000) dollars shall have been paid." Then followed the allegations which are important on this appeal and which were as follows: "Upon information and belief that large numbers of said fountains have been sold (meaning by defendants), the exact amount of which sales plaintiff is unable to state, but plaintiff alleges, upon information and belief, that between the date of said assignment and the 25th day of May, 1908, the gross sales of said fountains amounted to no less than Twenty Thousand ($20,000) Dollars." And then in paragraph VI followed a prayer for judgment of one thousand dollars, being five per cent upon said gross sales.

The answer, for its only important denial, being the one under consideration, "denies each and every allegation con-

tained in paragraphs V and VI of the plaintiff's complaint herein."

The allegations in paragraph V of the complaint which appellants denied were material ones. They did not state a mere conclusion of the amount due to the respondent, that being contained in the following paragraph. They stated a fact the existence of which was clearly a condition precedent to any right of recovery, namely, that appellants, being bound to pay five per cent upon their gross sales of fountains, had sold a certain number thereof, and that, therefore, their obligation had attached and respondent was entitled to recover. Therefore, the denial of these allegations, if sufficient in form, raised a material issue, and on this point the decision below was clearly wrong.

The denials employed by the appellants were sufficient in form, and were not subject to the criticism of embodying a negative pregnant.

A negative pregnant has been defined by Pomeroy in his treatise, Pomeroy's Code Remedies, section 618, as a denial "pregnant with an admission of the substantial fact which is apparently controverted; or, in other words, one which, although in the form of a traverse, really admits the important fact contained in the allegation." A careful inspection of the allegations of the complaint shows that appellants' denial was not of the form thus described. Respondent's complaint at the point in question really contained two allegations. It alleged that appellants had sold "large numbers of fountains. * * * the exact number of which sales plaintiff is unable to state," and then it further alleged upon information and belief that between certain dates the gross sales of said fountains amounted to not less than a certain amount, which was equivalent to saying that they were equal to a certain amount.

The Code of Civil Procedure authorized appellants to make "a general or specific denial of each material allegation of the complaint controverted by the defendant" (Section 500) and accordingly they did deny "each and every allegation

above quoted. We utterly fail to see how this denial was "pregnant with an admission of a substantial fact," or how it "really admits the important fact contained in the allega-tion." It denied, first, that defendants had sold large quanti-ties of the fountains and then it also denied that the amount of such sales was not less than, that is, equal to, a certain amount. These denials compelled the respondent to prove its allegations.

If this answer really was in any respect vague or uncertain the respondent had the right to compel a correction thereof by proper preliminary motion, and having failed to make this the answer is to be construed most strongly against it. (*Stuber* v. *McEntee*, 142 N. Y. 200, 206; *Wall* v. *Buffalo Water Works Co.*, 18 N. Y. 119.)

The orders of the courts below should be reversed, with costs in all courts, the motion to strike out the answer and for judgment denied, with costs, and the question certified to us answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.