BAUM v. ELIAS.

(Supreme Court, Appellate Term. June 25, 1909.)

PLEADING (§ 239*)—AMENDMENT—IMPOSITION OF TERMS.

Code Civ. Proc. § 500, permits issue to be joined on allegations of the complaint by a denial "of any knowledge or information 'thereof' sufficient to form a belief." On a trial of an action, after the jury were impaneled, plaintiff moved for a judgment on the pleadings, in that defendant's answer, following the Code, omitted the word "thereof." The trial court permitted the withdrawal of a juror on condition of $30 trial fee and plaintiff's costs. Held, that it was proper at Special Term to permit an amendment to conform to the statute without the imposition of further terms.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Appeal from City Court of New York, Special Term.

Action by Solomon Baum against Joseph Elias. From an order granting defendant's motion for leave to amend his answer, without terms, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

L. & J. Weinberger, for appellant.
Adolph Bloch, for respondent.

MacLEAN, J. The jury having been impaneled, the plaintiff's counsel moved for judgment on the pleadings, inasmuch in his answer the defendant declared, "He has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs I and III of said complaint," thus departing from the phraseology of section 500 (1), Code Civ. Proc., by omitting "thereof" and interpolating "the truth of." No point was or is made of inserting "the truth of"; but, deferring to the rulings in Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151, and Jurgens

v. Wichmann, 124 App. Div. 529, 108 N. Y. Supp. 881 (both drafted by the same deft hand), that "this is no denial. Section 500 of the Code of Civil Procedure * * * means that the defendant must deny that he has any knowledge or information thereof; that is, of such allegations sufficient to form a belief as to their truth. The so-called denial in this answer * * * is too slovenly and loose. This artificial form of denial has to be followed with substantial strictness in order to be good"—the learned trial justice imposed $30 trial fee and all plaintiff's taxable disbursements for allowing the withdrawal of a juror. At Special Term the defendant was permitted to amend in the exact language of the Code without imposition of further terms.

This was well enough in this department. The pleader had but followed a poor paraphrase, so commonly adopted that it appears in several of the cases here upon appeal, and has been let pass time and again by the court of resort next above upon this side of the affluent East river, which often divides law and practice as did the Mahratta ditch, upon one brink of which the widow's suttee was commended to and of the pious, while on the other it was abhorrent to the law and religion. In Hidden v. Godfrey, 88 App. Div. 496, 85 N. Y. Supp. 197, it was ruled of the absence of the fateful "thereof": "We think, however, that the weight of authority, as well as reason, is in favor of requiring, not a literal, but a reasonably strict, compliance with the terms of this section of the Code"—and an order below to the contrary was reversed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements.

GILDERSLEEVE, P. J., and SEABURY, J., concur in result.