### BAUMFELD v. GERMAN THEATRE, Inc., et al.

(Supreme Court, Appellate Division, First Department.　December 30, 1909.)

1. APPEAL AND ERROR (§ 874*)—REVIEW—APPEAL FROM INTERLOCUTORY JUDG-
MENT.

An appeal from an interlocutory judgment directing an accounting by one of the defendants does not bring up for review a previous order striking out such defendant's answer as frivolous.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 874.*]

2. JUDGMENT (§ 237*)—SEVERAL JUDGMENTS.

In an action against several for an accounting, one defendant appealed from a judgment requiring her to account; but nothing was recited in the decision to show what disposition had been made as to the other defendants. *Held*, that as separate and successive judgments may not be entered in the same action, except where a severance is permitted, the judgment must be reversed.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 237.*]

Appeal from Special Term, New York County.

Action by Maurice Baumfeld, on behalf of himself and all other stockholders of the German Theatre, Incorporated, who may elect to become parties, against the German Theatre, Incorporated, and others. Appeal by defendant Milica Blitz from an interlocutory judgment entered on an order granting judgment on the pleadings.　Reversed, without prejudice to plaintiff's right to again move for judgment.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, Mc-LAUGHLIN, and SCOTT, JJ.

Alfred Epstein, for appellant.
Harry F. Mela, for respondent.

SCOTT, J.　This is a representative action brought by plaintiff, as a stockholder of the defendant corporation, in behalf of himself and other stockholders, to set aside certain instruments and for an accounting by the individual defendants.　The defendant and appellant, Milica Blitz, interposed an answer to the complaint in which she attempted to deny knowledge or information sufficient to form a belief as to all the allegations of the complaint, except that one which alleged that she is a resident of New York and the wife of Henry Blitz.　The complaint charged her, as well as the other individual defendants, with fraud and conspiracy.　On motion her answer was stricken out upon the ground that it was "frivolous, and does not raise any issue and is insufficient in law upon its face."　After a motion on her part for leave to answer anew had been denied, the court made a formal decision finding all the facts alleged in the complaint and directing an interlocutory judgment for an accounting by said Milica Blitz, and such an interlocutory decree was therefore made.

This appeal is only from the interlocutory judgment and does not bring up in review the order striking out the answer.　If therefore the interlocutory decree appears to be supported by the decision, it must be affirmed.　The decision recites the order striking out appellant's answer and the denial of her motion for leave to plead anew.　Noth-

ing whatever appears as to what has become of the other defendants named in the complaint. For all that is shown by the recitals, they may have appeared and answered, and the action may still be at issue as to them.

Except where a severance is permitted, our practice does not allow the entry of separate or successive judgments in the same action. If there is to be an accounting, the interlocutory judgment should call upon all those liable to account to do so. From the recitation, or lack of recitation, in the decision, it is manifest that the interlocutory decree was prematurely entered, and for that reason it must be reversed, without prejudice to the right of the plaintiff at the proper time, and when all of the necessary parties are before the court, to move for another decree.

If the appellant had brought up for review the order striking out the answer, we should have found much difficulty in sustaining it. The form of the denial was such as is accepted in this department as a sufficient compliance with section 500, Code Civ. Proc. (Hidden v. Godfrey, 88 App. Div. 496, 85 N. Y. Supp. 197), and while many of the allegations of the complaint are presumptively within defendant's knowledge, and should be denied, if denied at all, positively, there are others as to which she may have no knowledge.

The judgment appealed from must be reversed, with costs and disbursements, without prejudice to plaintiff's right to again move for judgment at the proper time and when all the necessary parties are before the court. All concur.