CURRAN v. ARP et al.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

APPEAL AND ERROR (§ 1123*)—FRIVOLOUS ANSWER.

 An answer cannot be stricken out as frivolous, where the Supreme Court on appeal is not unanimous as to the validity of the form of denial set up in the pleading.

 [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1123.*]

Appeal from Kings County Court.

Action by Mary Ann Curran against Max F. Arp and another, doing business under the partnership name of M. F. Arp & Bro. From an order granting motion of plaintiff for judgment on the answer of defendant Max F. Arp as frivolous, he appeals. Reversed.

See, also, 125 N. Y. Supp. 758.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Francis A. McCloskey, for appellant.

Francis R. Stoddard (George F. Hurd, on the brief), for respondent.

HIRSCHBERG, P. J. The appellant and Rudolph Arp are sued jointly as copartners. The existence of the copartnership is alleged in the third paragraph of the complaint. The fourth, fifth, sixth, and seventh paragraphs of the complaint allege that the plaintiff was injured by being thrown to the ground and being dragged for a considerable distance by reason of the negligence of the defendants in the conduct and management of a wagon which was driven in their business at the time in the borough of Brooklyn. The answer which has been held by the learned County Court to be frivolous denies the existence of the copartnership, and further denies "any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 4, 5, 6, and 7 of said complaint."

The granting of the order appealed from cannot be justified. The positive denial of the copartnership raised an issue on an essential point, aside from the question of the sufficiency of the denial of the paragraphs of the complaint which contain the allegations of negli-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gence. The order should therefore be reversed for this ground, if for no other.

It is urged by the respondent, however, that the denial is bad as to the paragraphs charging negligence because it is conjunctive in form and therefore embodies a negative pregnant. I have been unable to find a case in this state which holds that such a form of denial is bad. There are cases which hold that a denial of knowledge or information sufficient to form a belief as to all the allegations of a complaint, or as to all the allegations of certain paragraphs of a complaint, is bad because a litigant might make such a denial where there was a single allegation stated of which he had no knowledge. The denial in this case is essentially different. Moreover, the form of denial used in this case has often received the sanction of the courts, and never, so far as I have been able to discover, has it been condemned.

It was held to be good at the Special Term in Fairbank Co. v. Blaut et al., 67 N. Y. St. Rep. 583, 33 N. Y. Supp. 713.

In Hoffman v. Susemihl, 15 App. Div. 405, 44 N. Y. Supp. 52, the court said (page 407 of 15 App. Div., page 54 of 44 N. Y. Supp.):

"A statement in an answer specifically denying a particular numbered paragraph of the complaint is a good denial of that paragraph."

In Alexander v. Aronson, 65 App. Div. 174, 72 N. Y. Supp. 640, the answer was in the following form:

"He denies any knowledge or information sufficient to form a belief as to the allegations of paragraphs 1, 2, and 3 in said complaint contained."

The court said (page 175 of 65 App. Div., page 641 of 72 N. Y. Supp):

"It is in form such as is authorized by subdivision 1 of section 500 of the Code, which allows a denial of 'any knowledge or information thereof sufficient to form a belief,' and thus as to these allegations of the complaint the general issue was raised."

The decision of the Appellate Division was unanimous.

In Hidden v. Godfrey, 88 App. Div. 496, 85 N. Y. Supp. 197, the denial was in precisely the same form as in the case at bar. The answer of the defendant was in these words:

"Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 (comprising all the essential paragraphs) of the complaint."

The court held unanimously in that case that there was not only a substantial but a reasonably strict compliance with section 500 of the Code of Civil Procedure. It said (page 497 of 88 App. Div., page 198 of 85 N. Y. Supp.):

"As a denial in this form is equivalent to a general denial which puts in issue the allegations of the complaint at which it is directed, we do not think it can be declared frivolous."

The form of denial in question was practically approved by the Court of Appeals in Electrical Accessories Co. v. Mittenthal, 194 N. Y. 473, 87 N. E. 684. In that case the form used was:

"Denies each and every allegation contained in paragraphs 5 and 6 of the plaintiff's complaint herein."

The difference in the form is not controlling, as a denial of the allegations contained in a specified paragraph is necessarily a denial of each and every allegation of the paragraph.

Assuming, however, that the form of the denial used is in violation of the Code of Civil Procedure, the pleading might be demurrable or subject to correction on motion; but it could not be held frivolous. It is only where a pleading is void on its face, or is obviously interposed in bad faith, that it may be held to be frivolous. A pleading may be demurrable; but, where there is argument and authority in support of it, it cannot be disregarded or stricken out as frivolous. Byrne v. Hegeman, 24 App. Div. 152, 48 N. Y. Supp. 788; Bedlow v. Stillwell, 45 App. Div. 557, 61 N. Y. Supp. 371; Rankin v. Bush, 93 App. Div. 181, 87 N. Y. Supp. 539; Shaw v. Feltman, 99 App. Div. 514, 91 N. Y. Supp. 114; Hildreth v. Mercantile Trust Co. et al., 112 App. Div. 916, 98 N. Y. Supp. 582; Cook v. Warren, 88 N. Y. 37.

It will thus be seen that the form of denial used by the appellant in this case has been approved in several instances where it has been attacked in court. No case has been found in this state where the form has received judicial condemnation, and its adoption in this instance, therefore, cannot be held to be an act of frivolity.

The order should be reversed, and the motion denied.

BURR, J. In this action plaintiff moved for judgment on the answer as frivolous, and, from the order granting such motion, defendant appeals.

The complaint alleges:

"That the defendants now are, and at the times hereinafter mentioned were, engaged in a general grocery business as partners under the partnership name of M. F. Arp and Bro., in the county of Kings, state of New York."

This allegation is denied. If the existence of the copartnership were a material issue in this case, the order granted herein could not be sustained. I think that it is not. The succeeding allegations are:

"That on or about the 23d day of December, 1905, there was driven or operated by the defendants, through their agents or servants, * * * a certain wagon used as a grocery delivery wagon by the defendants in their business. * * * That * * * the defendants, through their agents and servants in charge and control of the management and operation of said wagon, * * * carelessly and negligently allowed a certain rope to hang from some part of said wagon and trail along the ground, which rope became entangled with the foot or feet of this plaintiff as she was crossing the street, whereby she was violently thrown to the ground and dragged for a considerable distance."

If the wagon was driven and operated by defendants' agents, and defendants through their agents were guilty of the careless and negligent act complained of, it is entirely immaterial whether they were copartners or not. They were joint tort-feasors, and as such each was liable. The complaint contains seven paragraphs. So far as the remainder of the answer is concerned, it is in this form:

"The defendant Max F. Arp, answering the complaint of plaintiff: * * * (2) Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 4, 5, 6, and 7 of said complaint."

The fact that this court is not unanimous as to the validity of such form of denial is sufficient to protect the pleading from attack as frivolous, for the reasons stated in the opinion of the presiding justice. But I am not willing to give assent to the proposition that the form of the denial is a proper one. The statute provides that the answer of defendant must contain "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Code Civ. Proc. § 500. This denial is criticised as insufficient upon two grounds. The first ground is that the defendant does not deny that he has any knowledge or information sufficient to form a belief. We fail to see why the statement, though differing in form from that prescribed in the Code, is not identical in meaning with it. The defendant is speaking of the knowledge or information possessed by him. He cannot be called upon to speak, nor supposed to be speaking, respecting the knowledge or information of another, and, when he denies any knowledge or information on the subject, it is equivalent to saying that he has no such knowledge. See Pomeroy's Code Remedies, 613; Jones v. Ludlum, 74 N. Y. 61.

The second ground of criticism is that defendant's denial is in the conjunctive form; that is, of the allegations contained in the fourth, fifth, sixth, and seventh paragraphs of this complaint. I think that this denial is bad. There is no allegation of the complaint which is contained in all four of these paragraphs. Each contains some, but no allegation appears in all. There is in fact, therefore, no denial of any. Such a denial is a conjunctive one, and its vice is similar in character to the vice known as a negative pregnant. Pomeroy's Code Remedies, § 618; Electrical Accessories Co. v. Mittenthal, 194 N. Y. 473, 87 N. E. 684. A denial of the material allegations of a complaint conjunctively is not a denial of the truth of each separately considered. Young v. Catlett, 6 Duer, 437; Collins v. North Side Publishing Co., 1 Misc. Rep. 211, 20 N. Y. Supp. 892, affirmed in 3 Misc. Rep. 635, 22 N. Y. Supp. 1132; McClave v. Gibb, 11 Misc. Rep. 44, 31 N. Y. Supp. 847; Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878; People ex rel. Gunst v. Goldstein, 37 App. Div. 550, 552, 56 N. Y. Supp. 306. The case first cited (Young v. Catlett) was decided by the General Term of the Superior Court, in an opinion written by Judge Woodruff, and concurred in by Judges Bosworth and Duer. The very statement of the names of the judges composing that court commands the most profound respect for its decisions. As a test of this pleading, suppose that the pleader had said: "I deny that on a certain day a certain wagon was driven or operated by the defendants, through their agents or servants, and that the defendants, through their agents and servants in charge and control of the management and operation of said wagon, carelessly and negligently allowed a certain rope to hang from some part of said wagon and trail on the ground, and said rope became entangled with the plaintiff's feet and she was violently thrown to the ground and dragged for a considerable distance." It seems to me that the denial would be clearly bad. Every one of the statements might be true except that she was dragged for a considerable distance, and still the denial would be technically true.

In none of the cases cited in the opinion of the presiding justice was the question of a conjunctive denial considered. In Hidden v. Godfrey, 88 App. Div. 496, 85 N. Y. Supp. 197, the thought of the court was directed to the question whether the denial of knowledge is equivalent to the denial of any knowledge. So, in each of the other cases, the question considered by the court related, not to the conjunctive character of the denial, but to other criticisms made upon the pleading. The distinction, as it seems to me, is clearly pointed out in the case of Electrical Accessories Co. v. Mittenthal, supra, where the denial was of "each and every allegation contained in paragraphs 5 and 6 of the plaintiff's complaint." That form of denial separated the allegations, and the denial was addressed to each separately. In this case no separate allegation is controverted, but all are denied conjunctively.

If the question had been raised by demurrer, I should feel clear that the order must be affirmed. As the pleading was attacked as frivolous, for the reason previously stated, I think that the order must be reversed.

WOODWARD, J., concurs. THOMAS and RICH, JJ., concur in the result.