(77 Misc. Rep. 563.)

## JACOBS v. WANAMAKER.

(City Court of New York, Special Term.   September 11, 1912.)

1. PLEADING (§ 121*)—DENIALS—SUFFICIENCY.
    Under Code Civ. Proc. § 500, which requires an answer to contain a general or specific denial of each material allegation of the complaint controverted, or of any knowledge or information thereof sufficient to form a belief, denials of knowledge and information should refer either generally to all the averments of the complaint or specifically to such as are meant by that particular form of pleading, so that an answer denying that the defendant has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in specific paragraphs of the complaint is good.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. FALSE IMPRISONMENT (§ 20*)—PLEADING—ISSUE—GENERAL DENIAL.
    In an action for false imprisonment, a general denial is sufficient to raise the entire issue.
    [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 86–97; Dec. Dig. § 20.*]

Action by Joseph E. Jacobs against John Wanamaker.   On motion by plaintiff for judgment on the pleadings.   Denied.

Gerson C. Young, of New York City, for the motion.
Dyson & Eggers, of New York City, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

FINELITE, J.   Plaintiff moves for judgment on the pleadings under section 547 of Code of Civil Procedure.

[1] The action is brought to recover damages for false imprisonment, predicated upon the ground that he was deprived of his liberty by the defendant for a period of one-half hour. The answer admits that it is a domestic corporation duly organized and existing under and by virtue of the laws of the state of New York, and denies that it has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs [naming them] of the complaint. The Code of Civil Procedure (section 500) prescribes that an answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. An allegation in an answer denying that the defendant has any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs, naming them, of the complaint, has been held to be bad (Jurgens v. Wichman, 124 App. Div. 531, 108 N. Y. Supp. 881; Baum v. Elias, 64 Misc. Rep. 43, 117 N. Y. Supp. 935; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224; Jones v. Ludlum, 74 N. Y. 61; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Kirschbaum v. Eschmann, 142 App. Div. 906, 126 N. Y. Supp. 1134); but the Court of Appeals, in the last case cited, in 205 N. Y. 127, 98 N. E. 328, in reversing the court below, laid down this rule for the future guidance of lawyers:

"Where denials 'of knowledge or information sufficient to form a belief' are not addressed to any specific allegation of any paragraph of the complaint, nor to each and every allegation thereof, but 'to the allegations contained' in such and such a paragraph, it is not a good pleading. Denials of knowledge or information sufficient to form a belief should refer either generally to all the averments of the complaint thus intended to be denied, or specifically to such as are to be met by that particular form of plea. The answer should be so definite and certain in its allegations that the pleader's adversary will not be left in doubt as to what is admitted, what is denied, and what is covered by denials of knowledge or information sufficient to form a belief."

The defendant denies that he has any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1, 3, 4, and 5 of the complaint. This denial is prescribed by section 500 of Code of Civil Procedure, as well as within the case of Kirschbaum v. Eschmann, supra.

[2] This being an action for false imprisonment, a general denial in itself would raise the whole issue. East v. Brooklyn Heights R. R., 115 App. Div. 683, 101 N. Y. Supp. 364.

Motion for judgment on the pleadings must therefore be denied.