## YOUKER v. POST.

(Supreme Court, Appellate Division, Second Department. February 27, 1914.)

Appeal from Special Term, Kings County.

Action by W. Earl Youker, as Trustee in Bankruptcy, against Mary Elizabeth Post, as executrix. From an order denying his motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

George W. McKenzie, of Brooklyn, for appellant.
Melville H. Cane, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs and disbursements.

BURR, J. I dissent. The denial in this case is of the allegations "contained in the paragraphs of the complaint numbered II, IV, V, and VI," with two exceptions not important.

When the case of Curran v. Arp, 141 App. Div. 659, page 662, 125 N. Y. Supp. 993, was before this court, in the opinion which I then wrote, I tried to point out that a *conjunctive* denial of this sort was bad. Woodward, J., concurred with me; Hirschberg, P. J., thought that this form of denial was good, and so wrote; Thomas and Rich, JJ., concurred in the result, which was for a reversal of an order granting a motion for judgment on the answer as frivolous. While contending that the answer was bad, I also voted for a reversal of the order granting judgment upon it, upon the ground that argument was required to establish its defects. I think that the question is therefore an open one in this court.

The case of Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328, seems to me to be an authority for appellant instead of for respondent. In that case the form of the denial was of *"the* allegations contained" in such and such paragraphs of the complaint. The court said, "This is not good pleading" (see pages 131 and 132 of 205 N. Y., page 329 of 98 N. E.), and pointed out the reasons therefor. If that case is not good as to the allegations contained in separate paragraphs, a conjunctive denial as to a number of paragraphs must be worse. I have examined the original record in the Kirschbaum Case, and find that the denials there were in the form of separate denials of *the* allegations contained in specified paragraphs. In that case, where the motion for judgment was made at the trial, the court held that when the attention of the pleader was not called to the defects of his pleading by a motion before trial, so that the "pleader then has the opportunity to establish his good faith, if he can," and may be permitted to change or amend his pleading, if necessary, and he can do so (see page 134 of 205 N. Y., page 330 of 98 N. E.), the motion should not be granted. The court concludes: "The judgment should not be sustained for the reason *that the plaintiff should make his motion before trial.*"

That was precisely what was done in this case, and the pleader's attention was called to its defects. I concede that this form of con-

junctive denial is frequently employed at the present time. Nevertheless it is loose pleading. It is to be hoped that the question may be taken to the Court of Appeals, and that it may there be finally determined whether its use is to be countenanced. It seems strange, when it is so easy to employ the language "denies *each and every* allegation in paragraphs II, IV, V, and VI, respectively," that this less scientific method should be followed.