ALBERT J. JONES, Appellant, *v.* MARY E. LUDLUM, Impleaded, etc., Respondent.

An order overruling a reply to a counter-claim, as frivolous, with leave to plaintiff to reply, and, in case of failure so to do, directing judgment for defendant, is not reviewable here; it is not one of the orders specified in the provision of the Code of Civil Procedure (§ 190) in reference to appeals to this court.

*It seems,* that a denial in a pleading in this form, " *he says* that he denies each and every allegation," etc., is a good general denial.

(Submitted May 21, 1878; decided May 28, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term, the material portion of which and the facts are set forth sufficiently in the opinion.

*Thos. D. Wilkin,* for appellant. The form of plaintiff's denial in his reply did not render the pleading frivolous. (*Chapman* v. *Chapman,* 34 How., 241; Moak's V. S. Pldgs. [3d ed.], 526; *Espinosa* v. *Gregory,* 40 Cal., 61–62.

*Satterlee* v. *Yeoman,* for respondent. The order appealed from was not appealable. (*Armstrong* v. *Weed,* 62 N. Y., 250; *Wilkin* v. *Raplee,* 52 id., 248; *Coit* v. *Stewart,* 50 id., 18; *Baker* v. *Cocks,* id., 689; *People* v. *Benedict,* 47 id., 667; *Adams* v. *Fox,* 27 id., 640; *Paddock* v. *Springfield F. and M. Ins. Co.,* 12 id., 591; *Briggs* v. *Bergen,* 23 id., 162; *Ferris* v. *Aspinwall,* 10 Abb. [N. S.], 137.) The reply raised no issue. (Code of Proc., § 153; Code of Civil Proc., § 514; *Wood* v. *Whiting,* 21 Barb., 190; *West* v. *Am. Ex. Bk.,* 44 id., 175; *Blake* v. *Eldred,* 18 How., 240; *Arthur* v. *Brook,* 14 Barb., 533; *People* v. *Christopher,* 4 Hun, 805; *Powers* v. *R. W. and O. R. R. Co.,* 3 id., 285.) A defendant may demur to a reply served, whether it be a denial or not. (Code of Proc., § 155; Code of Civil Proc., § 493.) He may move to strike it out as sham or irrelevant,

or for judgment on the reply as frivolous. (Code of Proc., §§ 152, 247; Code of Civil Proc., §§ 537, 538.) A denial made in the same form as the reply is insufficient and frivolous. (*Powers* v. *R. W. and O. R. R. Co.*, 3 Hun, 285; *People* v. *Christopher*, 4 id., 805; *Blake* v. *Eldred*, 18 How., 240; *Arthur* v. *Brooks*, 14 Barb., 533.)

*Per Curiam.* The complaint in this action was for the foreclosure of a mortgage. The answer set up a counter-claim for $1,000, and to this the plaintiff replied as follows: " And the said plaintiff, for a reply to so much of defendant's answer as constitutes a counter-claim, says that he denies each and every allegation therein contained." The defendant moved, at Special Term, to overrule this reply as frivolous, and for judgment, and the court made an order " that the reply be overruled as frivolous, with leave to the plaintiff to reply within twenty days after the service of the order, upon paying ten dollars costs, and that, in case of failure so to do, the defendant have judgment." From this order plaintiff appealed to the General Term, and from the order there to this court. The claim of the defendant, which has thus far been sustained, is that the allegation " he says that he denies" is not equivalent to a general denial, and that a party could make such an averment without really denying anything.

There is a difference of opinion in the Supreme Court as to such a form of denial. (*Blake* v. *Eldred*, 18 How., 240; *Arthur* v. *Brooks*, 14 Barb., 533; *Powers* v. *R.*, *W. and O. R. R. Co.*, 3 Hun, 285; *People* v. *Christopher*, 4 Hun, 805; *Chapman* v. *Chapman*, 34 How., 241; see, also, *Espinosa* v. *Gregory*, 40 Cal., 61, and Moak's Van Santford's Pl. [3d ed.], 526.) We think it is sufficient. It is a good general denial. A party using such language must be held to have intended a general denial, and could be held responsible for such a denial, made under oath, upon an indictment for perjury in case of its falsehood. It is the same as if the reply had been as follows: " The plaintiff, for a reply to the answer, uses the following language: ' He denies,' " etc.

But the appeal to this court is not authorized.   The order appealed from is not one of those specified in section 190 of the Code of Civil Procedure.   Subdivision one of that section authorizes an appeal from a final judgment.   Here no judgment had been entered.   It is not one of the orders specified in subdivision two.   It does not determine the action or prevent a final judgment.   It does not strike out a pleading. The reply is simply held frivolous and remains in the record. This is not, within the meaning of that section, an order deciding an interlocutory application or a question of practice.   The order was not, therefore, appealable to this court, and it has been so decided.   (*Briggs* v. *Bergen*, 23 N. Y., 162; *Armstrong* v. *Weed*, 62 id., 250.)   Final judgment must first be entered in such a case, and an appeal may be taken from that.

The appeal must, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.