STEINBACK v. DIEPENBROCK et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. PLEADING—DENIALS.
    Under Code, § 500, permitting a defendant to put at issue any allegation of the complaint by denying that he has any "knowledge or information thereof sufficient to form a belief," a denial of information only is not sufficient to raise an issue.

2. APPEAL BOND—ANSWER—SUFFICIENCY.
    In an action to recover on an appeal bond, an answer stating that such bond was given to stay all proceedings on plaintiff's part to enforce the judgment appealed from, and alleging that, notwithstanding this, plaintiff had substantially enforced that judgment, but not alleging that he had attempted to collect the judgment for costs, does not state a defense,

where the effect of an appeal bond was only to stay the collection of the judgment for costs; and the intention with which defendant gave the bond is immaterial.

Appeal from special term, New York county.

Action by Erwin Steinback against Melchior Diepenbrock and Egbert Sormani on an appeal bond. From a judgment entered on an order overruling an answer as frivolous, defendant Diepenbrock appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, and INGRAHAM, JJ.

Max Meyer, for appellant.
Robert Heinsheimer, for respondent.

INGRAHAM, J. The action was brought to recover upon an undertaking given on an appeal to the court of appeals, a copy of which is annexed to the complaint; the complaint alleging the facts necessary to entitle the plaintiff to recover. The defendant interposed an answer which admits all of the allegations of the complaint, except the third and fourth paragraphs thereof. As to such paragraphs, it contains the following allegations: "Second, he has no information sufficient to form a belief as to the allegations contained in the third and fourth paragraphs of the complaint." This allegation is insufficient to put at issue any allegation of the complaint. By section 500 of the Code it is provided that the answer must contain "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." This allegation in the answer does not comply with this section of the Code. There is no statement as to the defendant's knowledge, and the allegation is, therefore, not sufficient to put at issue the allegations of the complaint referred to. The defendant, thus failing to deny any of the allegations of the complaint, as a separate defense alleges, after admitting the giving of the undertaking, that such undertaking was so filed for the purpose and with the intention of staying all proceedings on the part of the plaintiff in the action referred to in paragraph 1 of the complaint, under the judgment obtained by him therein, and that, notwithstanding the filing of the said undertaking, the plaintiff immediately thereafter, and before the appeal from the said judgment was heard and determined, and utterly disregarding the said undertaking, took such proceedings in said action as resulted in the substantial enforcement of said judgment so appealed from, and so intended to be stayed by virtue of the execution and filing of the said undertaking, and that by reason of such enforcement of said judgment the said undertaking so filed failed to secure the intended stay of proceedings under said judgment, and therefore did not accomplish the result contemplated at the time the same was made. It was insisted by the defendant that the giving of this undertaking stayed all proceedings under the judgments. It was decided, however, by this court, that said undertaking did not stay such proceedings, but stayed only the collection of the judgment for costs. Stein-

back v. Diepenbrock, 5 App. Div. 208, 39 N. Y. Supp. 138. That being so, the enforcement of the judgment, so far as it directed that there should be paid to the plaintiff a sum of money deposited in court, could have no effect upon the undertaking. The undertaking did, as a fact, stay the collection of the judgment for costs, as the answer admits that such judgment had not been paid; and, as that was the only legal effect of the undertaking, the intention with which the defendant gave it was entirely immaterial. There is no allegation that the plaintiff attempted to, or did, collect the judgment for costs. The undertaking accomplished, therefore, the object for which it was given, and the plaintiff was entitled to recover. As this objection to the answer appears from a bare inspection, requiring no argument to sustain it, we think the answer was clearly frivolous, and that the order was properly granted.

The judgment appealed from should be affirmed, with costs. All concur.