## LOCOMOBILE CO. OF AMERICA v. DE WITT.

### (Supreme Court, Appellate Term. May 15, 1908.)

1. PLEADING—ANSWER—DENIALS ON INFORMATION—SUFFICIENCY.

Under Code Civ. Proc. § 500, permitting a defendant to put in issue any allegation of a complaint by denying that he has "knowledge or information thereof sufficient to form a belief," a denial of information only, supplemented with a statement that defendant "therefore denies the same," is insufficient to raise an issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

2. APPEAL—PRESENTATION OF QUESTIONS IN LOWER COURT—NECESSITY.

Where the question of sufficiency of evidence of the procuring by plaintiff, a foreign corporation, of a certificate to do business in the state, was not raised upon the trial, such question cannot be raised upon appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 1290.]

3. SAME.

An objection to the allowance of interest by a verdict cannot be made on appeal, where the interest was allowed in exact conformity with the charge of the court, and no objection was made to the charge in that regard, and no request was made to instruct with respect thereto.

4. DAMAGES—INTEREST AS ELEMENT OF DAMAGES.

Where the amount of the various items upon which an action is based are conceded, and only the question of liability is disputed, it is proper, on finding for plaintiff, to regard the amount as liquidated, and to allow interest thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 135–141.]

Appeal from City Court of New York, Trial Term.

Action by the Locomobile Company of America against Thomas De Witt. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

William C. Relyea, for appellant.

Niles & Johnson (William W. Johnson and John J. Cunneen, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover the sum of $470.22 for parts, furnishings, castings, repairs, gasoline, and storage for the defendant's automobile and the services of an operator to run the same, supplied between December 7, 1902, and July 1, 1903. The answer contains a general denial, and sets up, as a separate, partial defense, that the machine alleged to have been repaired was purchased

by the defendant from the plaintiff, and that such repairs were necessitated by a breach of warranty on the part of the plaintiff. There is also a counterclaim for $789, damages alleged to be due to the plaintiff's breach of warranty to furnish for the car an engine known as the "Whitney" engine.

The appellant argues that the plaintiff, a foreign corporation, failed to show compliance with the law (section 15, c. 687, p. 1805, Laws 1892, as amended by section 1, c. 538, p. 1326, Laws 1901), requiring foreign corporations to procure a certificate to do business in this state. The complaint, in paragraph 2 thereof, alleges the procurement of such a certificate. The answer, pleading to this allegation, avers that the defendant "has no information sufficient to form a belief concerning the matters alleged in paragraph 2 of the complaint herein, and therefore denies the same." This is not one of the forms of ·denial authorized by the statute. Section 500, Code Civ. Proc. In Steinback v. Diepenbrock, 52 App. Div. 437, 65 N. Y. Supp. 118, it was held that the following passage in an answer: "Second. He has no information sufficient to form a belief as to the allegations contained in the third and fourth paragraphs of the complaint"—presented no issue. In the present case we have the words added, "and therefore denies the same"; but I am of the opinion that this latter clause, which expressly purports to be limited to what precedes, should not be held to broaden or strengthen it. Moreover, no point was made upon the trial that the evidence as to the procurement of such certificate was insufficient.

It is also urged in support of the appeal that interest was improperly allowed. The verdict of the jury was rendered in the exact total of two items, with interest thereon, as the sum of those items, with the respective amounts of interest, was charged to the jury by the judge. No objection was made to this charge as to the allowance of interest, nor was any request made on behalf of the appellant with respect thereto. Furthermore, it appeared from the proceedings had in an application for a reference in the action that the amount of the various items was conceded, and that only the question of liability was disputed. Such being the case, it was proper to regard the amount as liquidated and to allow interest thereon.

Various other objections are urged on behalf of the appellant, but none of them are of such a character as to require a reversal, nor is it necessary to discuss them.

The judgment should be affirmed, with costs. All concur.