GENNINGER v. FRANK A. WAHLIG CO. et al.

(City Court of New York, Trial Term.    January, 1909.)

1. PLEADING (§ 121*)—ANSWER—DENIAL OF KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF.

Under Code Civ. Proc. § 500, subd. 1, providing that the answer must contain a general or specific denial of each material allegation of the complaint controverted by defendant, or of any knowledge or information thereof sufficient to form a belief, denials of any "information" sufficient to form a belief are insufficient; there being no statement as to defendant's knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. MECHANICS' LIENS (§ 228*) — DISCHARGE—BOND—ACTION—CONDITIONS PRECEDENT—JUDGMENT AGAINST PROPERTY.

The remedy to enforce the obligation of a surety on a bond given to discharge a mechanic's lien, and conditioned for the payment of any judgment which may be rendered against the property, is not by an action at law on the bond, but by an action in equity, in which all persons interested, including the surety, are made parties; and it is not a condition precedent to the bringing of the action that the lienor exhaust his remedy against the landowner by recovering a judgment of foreclosure in form against the property described in the notice of lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 228.*]

Action by Frank Genninger against the Frank A. Wahlig Company and another. Motion for judgment for plaintiff on the pleadings granted.

Bernard J. Kelly, for plaintiff.
George A. Euring, for defendants.

FINELITE, J. This is an action to foreclose a mechanic's lien. The plaintiff by his complaint in substance alleges that heretofore, and on or about the 23d day of March, 1906, the defendant Frank A. Wahlig Company entered into an agreement with the plaintiff's assignor whereby it was agreed that the plaintiff's assignor should perform labor, to wit, excavating, at the rate of 60 cents per yard upon the premises minutely described in the complaint, which premises belonged to the defendant Wahlig Company. The plaintiff claims that 250 yards of excavating was done, the cost of which amounted to $150. The complaint further alleges the filing of a mechanic's lien within 90 days after the completion of the contract in the form and manner prescribed by law in the office of the clerk of the county of New York, and thereaft-

er the defendant Wahlig Company was served with a copy of said lien, and that said lien was duly assigned for a valuable consideration before the commencement of this action to the plaintiff herein. The complaint further sets forth that on the 3d day of July, 1907, the defendant Wahlig Company filed with the clerk of the county of New York a bond, duly executed by it, together with the defendant National Surety Company as surety, in the amount fixed by the Supreme Court, "conditioned for the payment of any judgment which might be rendered against the said property" in any action brought by the plaintiff's assignor; that said bond was approved by a justice of the Supreme Court, and after filing an order was duly made by the court discharging the said lien. The complaint then demands judgment for the sum of $150, with interest from April 9, 1906.

The defendant National Surety Company in the first paragraph of its answer "denies any information sufficient to form a belief as to the allegations contained in paragraphs I, II, III, IV, V, VI, VII, and VIII of the complaint, excepting that it is a domestic corporation." In paragraph II of its answer it admits that it, together with the Wahlig Company, executed the bond for the cancellation of the said lien, and "denies any information sufficient to form a belief as to all of the allegations contained in paragraph IX of the plaintiff's complaint." In paragraph III of its answer it sets up a further defense in substance that the said plaintiff did not recover judgment, issue execution, nor in any wise make effort to take measures, legal or otherwise, to establish the liability of the defendant Wahlig Company.

The defendant Wahlig Company in paragraph I of its answer admits paragraphs I, IV, V, and VII of the said complaint, excepting, as to paragraph IV, said defendant "denies that there was any contract," and further "denies any information sufficient to form a belief as to whether the notice [of lien] was duly verified and complied with the requirements of the statutes of the state of New York." In paragraph II of its answer it "denies any information sufficient to form a belief as to the truth of the allegations contained in paragraphs II, III, VI, and VIII of the complaint." In paragraph III of its answer it admits the execution of the bond as set forth in paragraph IX of the complaint, but "denies any information sufficient to form a belief as to all of the other allegations contained in said paragraph."

Upon the case being called for trial the plaintiff moved for judgment on the pleadings on the grounds that the defendants have not raised any issue by their respective answers interposed by them, and the denials contained therein are insufficient, and that the alleged separate defense of the defendant National Surety Company is frivolous. I am impelled to the conclusion that the plaintiff is entitled to judgment on the pleadings. The denials in the answer of "any information sufficient to form a belief as to the allegations of the complaint" are insufficient. It should have been "of any knowledge or information sufficient," etc. In such case the allegation of the complaint must be taken as true. Section 500 of the Code of Civil Procedure, subd. 1, provides "that the answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant or of

any knowledge or information thereof sufficient to form a belief." The denials in the answer do not comply with this section of the Code. There is no statement as to the defendant's knowledge, and the denials are therefore not sufficient to put at issue the allegations of the complaint. It should have averred "no knowledge or information," etc. Lloyd v. Burns, 38 N. Y. Super. Ct. 423, affirmed in 62 N. Y. 651; Hauteman v. Grey, 5 N. Y. Civ. Proc. R. 224; Steinback v. Diepenbrock, 52 App. Div. 437, 65 N. Y. Supp. 118. The allegations, not being properly denied, must be taken as true. Code·Civ. Proc. § 522.

The affirmative defense set up in the answer of the surety company is frivolous. It alleges that the plaintiff did not exhaust his remedy by action against the defendant Wahlig Company and recover judgment therein against the property described in the notice of lien. This is unnecessary. The remedy to enforce the obligation of the surety to such a bond as given in this action is not by an action at law upon the bond, but by an action in equity, in which all persons interested, including the surety on the bond, are made parties; and it is not a condition precedent to the bringing of the action that the lienor shall exhaust his remedy against the landowner by recovering a judgment of foreclosure in form against the property described in the notice of lien. It has been held that the complaint in such an action should be in the usual form of a complaint in an action to foreclose the lien, with the exception that it should allege the giving of the bond and the consequent discharge of the lien, and instead of asking judgment for the sale of the premises it should demand relief against the persons executing the bond for the amount that shall be determined to be payable on the lien, all of which the complaint herein sets forth. Morton v. Tucker, 145 N. Y. 244, 249, 40 N. E. 3. I believe that substantial justice will be meted out by granting the plaintiff's motion.

The motion for judgment for plaintiff on the pleadings is therefore granted. Settle findings and judgment on notice.