SIMON KIRSCHBAUM et al., as Executors of MOSES MAY, Deceased, Respondents, *v.* FREDERICK W. R. ESCHMANN, Appellant.

Pleading — denials, in answer, "of knowledge or information sufficient to form a belief " — when judgment against defendant "upon the pleadings " will be granted for insufficiency of such denials — when motion to strike out pleading for insufficient denial must be made.

1 A pleading which sets out that "The defendant * * * for an answer to the amended complaint herein *states :* 1. That the defendant herein denies that he has any knowledge or information sufficient to form a belief as to the allegations," etc., is sufficient. (*Jones* v. *Ludlum,* 74 N. Y. 61, followed.)

2. Where denials " of knowledge or information sufficient to form a belief " are not addressed to any specific allegation of any paragraph of the complaint nor to each and every allegation thereof, but ' to the allegations contained " in such and such a paragraph, it is not a good pleading. Denials of knowledge or information sufficient to form a belief should refer either generally to all the averments of the complaint thus intended to be denied, or specifically to such as are to be met by that particular form of plea. The answer should be so definite and certain in its allegations that the pleader's adversary will not be left in doubt as to what is admitted, what is denied, and what is covered by denials of knowledge or information sufficient to form a belief.

3. It is proper to grant judgment upon the pleadings when the only denials in an answer are denials of knowledge or information sufficient to form a belief with respect to matters which are unmistakably within the knowledge of the defendant who interposes such an answer, but a different rule applies where this form of denial is used to meet allegations of fact which are only presumptively within the knowledge of the person making the denial, or where the defect in the pleading is such that the court may, upon proper terms and conditions, permit it to be changed or amended. In such cases it is the correct practice for the party who attacks the pleading to make the proper motion before trial, as the attacked pleader then has the opportunity to establish his good faith, if he can, and to prove that he cannot honestly go further than to deny knowledge or information, or make his pleading more definite or certain than it is. (*Thompson* v. *Wittkop*, 184 N. Y. 117, approved.)

*Kirschbaum* v. *Eschmann*, 142 App. Div. 906, reversed.

(Argued February 23, 1912; decided April 2, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1911, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. Aplington* for appellant. The denials in the answer herein are sufficient. (*E. A. Co.* v. *Mittenthal*, 194 N. Y. 473; *Thompson* v. *Wittkop*, 184 N. Y. 117.)

*Ira Leo Bamberger* and *Sidney Lowenthal* for respondents. The objection to the insufficiency of a defense may be taken at the trial. (*Ampersand Hotel Co.* v. *Home Ins. Co.*, 198 N. Y. 497; *Staten Island* v. *Hinchcliffe*, 170 N. Y. 481; *Clarke* v. *Dillon*, 97 N. Y. 374.) The purported denials are insufficient and frivolous and raise no issue. (*Dahlstrom* v. *Gemunder*, 198 N. Y. 453; *Olsen* v. *Singer*, 143 App. Div. 142; *Preston* v. *Cuneo*, 140 App. Div. 144; *Harris* v. *Coombs*, 134 App. Div. 975; *Burkert* v. *Bennett*, 35 Misc. Rep. 318; *Pascekwitz* v. *Richards*, 25 Misc. Rep. 250; *Allen* v. *Nat. Surety Co.*, 144 App. Div. 509; *Rochkind* v. *Perlman*, 123 App.

Div. 809; *Block* v. *Block*, 131 App. Div. 860; *Rodgers* v. *Clement*, 162 N. Y. 428.)

WERNER, J.   The question presented on this appeal is whether the defendant's answer raises any issues which the defendant has the right to have submitted to the jury.   At Trial Term the plaintiffs moved for judgment upon the pleadings and their motion was granted.   The defendant asked to go to the jury upon the issues which he claimed were raised by his answer, and this motion was denied.   Upon the exceptions taken to these rulings, the defendant took an appeal to the Appellate Division where the decision of the Trial Term was affirmed.   Concretely stated, the question is whether the answer, either in its denials or affirmative allegations, raises any issues or presents any defenses to the plaintiffs' complaint.   As the sufficiency of the answer is challenged upon several grounds which cannot be understood without some statement of the allegations of the complaint, we will briefly outline them.

In May, 1905, the defendant and others executed an underwriting agreement in which the defendant subscribed for 1,500 shares of the preferred stock of a corporation which, when formed, was to be known as the United Educational Company.   This subscription entitled him to a certain amount of the common stock.   The corporation was organized and a resolution adopted authorizing it to borrow from the Broadway Trust Company the sum of $15,000 upon the security of the underwriting agreement.   Later in the same month the defendant and the other underwriters executed a second agreement with the United Educational Company, which had then been organized, confirming the earlier agreement, renewing the several subscriptions for stock upon the terms previously stated, reciting the resolution authorizing the corporation to borrow the sum of $15,000 from the Broadway Trust Company, and further declaring that, "This

underwriting agreement on the part of said underwriters shall be negotiable, and may be assigned * * * by said corporation to Broadway Trust Company to secure the loan of Fifteen thousand ($15,000) dollars to be made by said Broadway Trust Company to said corporation." Upon its promissory note for that amount, and the assignment of the underwriting agreement as collateral, the United Educational Company obtained the loan from the Broadway Trust Company. The note and agreement were afterwards assigned to Moses May, whose executors instituted this action to recover the balance which was due to the Broadway Trust Company when it made the assignment to May.

The defendant's answer is far from being a model pleading, and we shall not attempt to decide whether its most obvious defects are the result of design or accident. The practical question to be determined is whether all of its allegations are so frivolous, false or defective in form as to justify the judgment which was rendered upon the pleadings.

The plaintiffs' first criticism of the answer is based upon its opening declaration. It begins as follows: "The defendant * * * for an answer to the amended complaint herein *states :* 1. That the defendant herein denies that he has any knowledge or information sufficient to form a belief as to the allegations contained in paragraph '1' of the amended complaint herein." The point of the criticism is that the defendant, instead of denying, "states that he denies," and it is argued that this form of pleading is not authorized. Every paragraph in the answer begins in the same way, and if the plaintiff is right in the contention that a pleader does not deny when "he states that he denies," the whole answer is insufficient. The question is not new, and it was formerly the subject of much controversy, but the practice was finally settled by this court in *Jones* v. *Ludlum* (74 N. Y. 61). In that case it was held that in a reply to a counterclaim the

plaintiff's allegation "he says he denies," etc., was the equivalent of an allegation that "he denies." There is no distinction between that case and the case at bar. There the pleader "says he denies," and here he "states that he denies." It may be stretching even the liberal construction enjoined by the Code to hold that either form represents good pleading, but the question is decided and further discussion would be profitless.

The second objection to the answer is based on the form of the denials "of knowledge or information sufficient to form a belief." There are eighteen paragraphs in the answer and eleven of them are in this form. It is to be observed that these denials of knowledge, etc., are not addressed to any specific allegation of any of the paragraphs of the complaint, nor to each and every allegation thereof, but "to *the* allegations contained" in such and such a paragraph. None of these paragraphs in the complaint has less than two allegations of fact, and one contains as many as ten. Some of these allegations in the complaint relate to matters of which the defendant must have such personal knowledge that he could not honestly deny knowledge or information sufficient to form a belief. Others refer to matters of which he may be presumed to have knowledge and then there may be others as to which he can truthfully plead ignorance. This answer ignores all these distinctions. We think this is not good pleading. The Code of Civil Procedure (sec. 500) prescribes that an answer must contain "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Just as the explicit denials of an answer should be either general or specific, so all denials of knowledge or information sufficient to form a belief should refer either generally to all the averments of the complaint thus intended to be denied, or specifically to such as are to be met by that particular form of plea. The answer should be so defi-

nite and certain in its allegations that the pleader's adversary should not be left in doubt as to what is admitted, what is denied, and what is covered by denials of knowledge or information sufficient to form a belief. Under the form of denial employed by the defendant it would be difficult, if not impossible, to convict him of perjury if it should transpire that some of his denials of knowledge, etc., were false, for he could meet the charge by saying that his denials referred only to matters of which he had in fact no knowledge or information. The illustration can be made more plain by taking a closer view of some parts of the answer. The defendant has denied, for instance, knowledge or information sufficient to form a belief as to the averments of the complaint charging that pursuant to the underwriting agreement the defendant received certain shares of common stock which he accepted and retained, and that a notice was served upon him demanding payment, which the defendant refused to make. This seems to be a matter of which the defendant must have had knowledge, and with reference to which we think he could not honestly deny knowledge or information sufficient to form a belief. Then there are other matters, such as the execution and the contents of the agreements upon which the defendant is sought to be held liable, and the organization and existence of the United Educational Company. Some of these things are at least presumptively within the knowledge of the defendant, and if that should prove to be so he could not stand upon denials of knowledge or information sufficient to form a belief. Then finally there are such matters as the death of the plaintiffs' testator, the appointment and qualification of the plaintiffs as executors, etc., of which the defendant may be utterly ignorant, and as to which he may deny knowledge or information so as to put the plaintiffs to their proofs. Thus the whole discussion may be summarized in the statement that the defendant's answer is clearly bad in

part, and presumptively bad in other parts, and technically within the rules of good pleading in a few particulars. The courts below evidently concluded that these latter features of the answer were so few and unimportant that no real and substantial issues were presented.

Although this disposition of the case may seem to work no injustice between these parties, it sanctions a practice which we think is wrong as regards denials of knowledge or information of matters which are only presumptively within the knowledge of the pleader; or of any other matter which, although imperfectly, indefinitely or inartificially pleaded so as to be insufficient in form, may be corrected under the order of the court, upon a motion to have the pleading made more definite and certain, or to strike out parts thereof as false or sham. It is clearly proper, for instance, to grant judgment upon the pleadings when the only denials in an answer are denials of knowledge or information sufficient to form a belief with respect to matters which are unmistakably within the knowledge of the defendant who interposes such an answer. In such a case it is of no practical importance whether there is a motion before trial to strike out the answer as sham, or frivolous; or whether a motion is made at the trial for judgment on the pleadings, because the result in either case will be the same. The recent case of *Dahlstrom* v. *Gemunder* (198 N. Y. 449, 454) is an excellent illustration of the rule that judgment may be given upon the pleadings where a denial of knowledge or information is palpably untrue. There the action was upon an alleged breach of warranty. One of the defenses was to the effect that a prior litigation for the same cause had resulted in a judgment which had been paid and satisfied. To this plea in bar the plaintiff was required to serve a reply, and his reply was that he had no knowledge or information sufficient to form a belief as to the payment and satisfaction of the judgment. This was held not to be a sufficient or honest denial. "It

is quite incredible," said Judge HISCOCK in that case, "that plaintiff should have had no knowledge concerning the termination of his law suit, and equally inconceivable that after the lapse of two years he should neither have received nor sought information on this subject. * * * Under such circumstances it was not permitted to him to make a bald and unexplained denial of any knowledge or information." This form of denial, in short, is never permissible to traverse an allegation of a fact which must be within the personal knowledge of the person who is called upon to admit or deny, and when it is used in such circumstances it may be stricken out on motion as sham, or it may be disregarded at the trial. (Pomeroy's Remedies, etc., sec. 641.)

We think a different rule applies, however, where this form of denial is used to meet allegations of fact which are only presumptively within the knowledge of the person making the denial; or where the defect in the pleading is such that the court may, upon proper terms and conditions, permit it to be changed or amended. In such cases it is obviously the correct practice for the party who attacks the pleading to make the proper motion before trial as the attacked pleader then has the opportunity to establish his good faith, if he can, and to prove that he cannot honestly go further than to deny knowledge or information, or make his pleading more definite or certain than it is. A single familiar instance will serve to illustrate this point. When an action is brought against a corporation or copartnership the complaint usually charges many things which are presumptively within the knowledge of the officers or the partners, and yet their only knowledge may have been derived wholly from their agents, employees or from third persons under circumstances which render it impossible to make a positive averment. In such cases the person who verifies an answer that is challenged should have an opportunity to meet the presumption of knowledge which the law raises

against · him, and this can only be done on a motion before trial where the pleader can defend his pleading with affidavits showing the circumstances which justify its lack of greater certainty and definiteness.

This is the practice approved in *Thompson* v. *Wittkop* (184 N. Y. 117), where it was held that although a denial of all the allegations contained in specified folios of a complaint *" except as hereinafter admitted"* is not good pleading, yet the denials should not be treated as a nullity so as to deprive the defendant of his right to trial or to amend; and that in such a case the proper remedy is by a motion to have the answer made more specific and certain. So in the case at bar, the defendant has presented denials of knowledge or information which are bad in form because they are neither general nor specific, and which relate to matters only presumptively within the pleader's knowledge. As to these the judgment should not be sustained for the reason that the plaintiff should make his motion before trial.

The judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.