### WILDEY et al. v. WILSON.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DENIAL—SUFFICIENCY.

While a denial of information sufficient to form a belief with respect "to 'the' allegations contained in the first paragraphs of the complaint" was not good pleading, where there were several allegations of fact, it will not be deemed fatally defective, when construed liberally, as required by Municipal Court Act (Laws 1902, c. 580) § 170, where none of the allegations denied were presumptively within defendant's knowledge.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, · 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—DENIAL—INFORMATION AND BELIEF.

An allegation "upon information and belief that the defendant denies each and every allegation in the second and third paragraph of the complaint herein," while inartistic, is sufficient to raise an issue; the verification having been made by the attorney.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles F. Wildey and another against Harry Wilson. From a judgment for plaintiffs, entered upon motion for judgment on the pleadings, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

David Ross, of New York City, for appellant.

Campbell & Boland, of New York City, for respondents.

PAGE, J. [1] The allegations of facts concerning which the denial of knowledge or information sufficient to form a belief is made are not such as presumptively were within the knowledge of the defendant. While this form of a denial "to *the* allegations contained in the first paragraph of the complaint," there being several allegations of fact, is not good pleading (Kirschbaum v. Eschmann, 205 N. Y. 127, 131, 98 N. E. 328), yet under the requirement of section 170 of the Municipal Court Act, requiring the allegations of a pleading to be liberally construed, I am of the opinion that we should not apply the rule strictly to this answer, where none of the allegations thus denied are presumptively within the knowledge of the defendant.

[2] While the form used as to the remaining allegations of the complaint "alleges upon information and belief: * * * II. Upon information and belief that the defendant denies each and every allegation in the second and third paragraphs of the complaint herein"— is inartistic, it is sufficient to raise an issue; the verification having been made by the attorney. Jones v. Ludlum, 74 N. Y. 61; Kirschbaum v. Eschmann, supra, 205 N. Y. 130, 98 N. E. 328.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·