### HALBE v. ADAMS et al.

(Supreme Court, Special Term, New York County. October 26, 1915.)

1. PLEADING ⬅176—DENIAL UPON INFORMATION AND BELIEF—SUFFICIENCY.

A denial in a reply upon information and belief is not a good pleading, where the facts denied are within the knowledge of the pleador.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 343, 345–353; Dec. Dig. ⬅176.]

2. PLEADING ⬅345—DENIAL UPON INFORMATION AND BELIEF—SUFFICIENCY—EFFECT.

Plaintiff cannot be deprived of his right to a trial or to amend by the mere fact that denials on information and belief, in his reply to a portion of the allegations of the answer are insufficient as pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. ⬅345.]

Action to recover rent by William A. Halbe against Samuel Adams and John Flanigan. On motion for judgment on the pleadings. Denied.

Appell & Taylor, of New York City, for plaintiff.
John J. Adams, of New York City, for defendants.

NEWBURGER, J. On the 4th day of February, 1897, the plaintiff's predecessor in title, Charles Halbe, leased to the defendants premises known as Nos. 347 and 349 Sixth avenue for the term of 26 years from the 1st day of May, 1897, at an annual rent, payable in installments. On the 3d day of June, 1911, the said Charles Halbe died, leaving a last will and testament in which the said premises were devised to the plaintiff. This action is brought to recover the rent accruing under the lease for the month of March, 1915, amounting to the sum of $1,500. The answer, after certain admissions and denials, sets up as a defense that at the time of the execution of the lease these defendants were copartners carrying on a dry goods business, and that they informed the lessor that they intended to form a corporation to take over and carry on the said business then conducted by them; that in pursuance thereof there was inserted in the lease the following clause:

"And whereas the said lessees contemplate the organization of a corporation which shall carry on the business which they design to conduct on the premises hereby demised, the lessor now hereby consents that in that event the lessees may assign this lease to such corporation when formed."

The lease further provided that on the performance of certain conditions to be performed the lessor, at the option of the lessees or their assigns, as the case might be, if assignment had been made to said corporations as contemplated, would, six months preceding the expiration of the term granted, grant a further lease of said premises, and that plans and specifications of the new building to be erected on said premises should be submitted to the lessor by the lessees. The answer further alleges that thereafter, and on or about July 11, 1900, the defendants formed a corporation known as the Adams Dry Goods Company,

and that the entire assets of the defendants, including the lease heretofore referred to, were assigned to the corporation; that the Adams Dry Goods Company thereafter submitted to the lessor the plans and specifications of the new building and that said lessor approved them and authorized the Adams Dry Goods Company to proceed with the construction of said building, and that such building was so constructed; that thereafter, and until July, 1906, the Adams Dry Goods Company paid to said lessor the rent reserved under said lease and performed all the conditions required under said lease; that in July, 1906, the Adams Dry Goods Company and H. O'Neill & Co. consolidated, taking the name of the O'Neill-Adams Company, said company taking over all the assets of the two consolidating corporations and assuming all the obligations of said corporations, including the lease of the demised premises herein; that thereafter the lessor accepted said O'Neill-Adams Company as a tenant, and received the rents from it and continued to do so until his death; that after his death the plaintiff continued in all respects to recognize and treat the O'Neill-Adams Company as the tenant under said lease until on or about the 1st day of March, 1915.

[1] By an order of this court the plaintiff was required to serve a reply. The reply of the plaintiff denies any knowledge or information sufficient to form a belief as to the defenses set up in the paragraphs of the first separate and distinct defense, which included, among other things, facts that certainly must have come to the knowledge of the plaintiff. The allegations as to the contents of the lease and as to payments to him of rent certainly are within his knowledge, and, as has been repeatedly held, such denials do not constitute a good pleading. See Kirschbaum v. Eschmann, 205 N. Y. 130, 98 N. E. 328; Rochkind v. Pearlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771.

[2] The denials on information and belief as to the other allegations of the defenses cannot be treated as a nullity or the plaintiff deprived of his right to a trial or to amend. See Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328.

The motion for judgment on the pleadings must therefore be denied. Settle order on notice.