D. & G. GIRL COAT CO., INC., Appellant, *v.* LAURA KAFKA and Others, Defendants, Impleaded with MARY ZABELICKY and Another, Respondents.

First Department, December 3, 1926.

Mortgages — foreclosure — defense and denials by junior mortgagees — junior mortgage was assigned to respondents' assignors as part consideration for property transferred — respondents allege that property mortgaged was owned by broker but held in name of dummy and that broker had mortgage executed without consideration — respondents allege that broker, through his dummy, senior mortgagor, defaulted, so as to eliminate respondents' mortgage — no allegation of fraud except that broker falsely represented himself to be such — said false representation could not affect junior mortgagee — said false representation made to respondents' assignors could not give cause of action to respondents — respondents could not have junior mortgage declared superior to mortgage sought to be foreclosed — pleadings — denials — denial of " any knowledge or information sufficient to form a belief as to the truth of the allegations " contained in several numbered paragraphs is fatally defective — denial on information and belief that plaintiff is owner of second mortgage raises no issue — respondents are allowed to amend their answer.

In an action to foreclose a senior mortgage, the respondents, holders of a junior mortgage, interposed denials and defenses. The respondents allege that a broker, the actual owner of the property in question, the title to which was held by a dummy of the broker, had the junior mortgage executed without consideration, and that respondents' assignor accepted said junior mortgage in part payment of premises transferred by them. Respondents further allege that the dummy holding title to the property in question defaulted in payment

of interest on the senior mortgage at the request of the broker in order to compel foreclosure for the purpose of eliminating the junior mortgage, but the only false or fraudulent representation alleged is that the broker falsely represented himself to act as such, whereas he was in fact acting for himself in the sale of the property to the respondents' assignors.

The false or fraudulent representation by the broker to the effect that he was acting as a broker cannot affect the validity of the junior mortgage, and furthermore it is not a matter to be redressed at the instance of the respondents, who are not the original assignees of the mortgage.

The respondents are not entitled to have their junior mortgage declared a lien prior to the mortgage in foreclosure, for the allegations of the answer show that the respondents and their assignors received what they contracted for, that is, a junior mortgage on the property in question, and the fact that it may have been issued without consideration does not give the respondents the right to have it declared a prior lien.

The denials of " any knowledge or information sufficient to form a belief as to the truth of the allegations contained in " several numbered paragraphs is fatally defective.

A denial upon information and belief that the plaintiff is still the owner of the mortgage being foreclosed raises no issue, since the complaint alleged the assignment of the mortgage to the plaintiff and that it has been recorded.

Inasmuch as the facts may warrant a denial of some of the plaintiff's allegations, or show that the respondents have a good defense showing the whole transaction to be fraudulent, they are given permission to serve an amended answer setting forth facts to establish the fraud.

APPEAL by the plaintiff, D. & G. Girl Coat Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1926, denying plaintiff's motion to strike out the answer of the respondents and for judgment on the pleadings.

*Gerson C. Young* of counsel [*Abraham M. Weinberg* with him on the brief; *Kugel & Telsey,* attorneys], for the appellant.

*Max Rockmore* of counsel, for the respondents.

MARTIN, J. This action was brought to foreclose a second mortgage on property known as Nos 14–16 West One Hundred and Twenty-seventh street, New York city, dated January 1, 1924, made by defendant Laura Kafka to one Eva Katz to secure payment of $50,500. It was assigned to Solomon Zlotolow, then to the First National Bank of Jamaica, by the First National Bank of Jamaica back to Zlotolow, and then to the plaintiff. There is alleged a default in the payment of the installment of principal due October 1, 1925, on account of which, under the terms of the mortgage, the entire balance is alleged to have become due at the election of the plaintiff. The complaint was verified November 10, 1925.

The defendants, respondents, are assignees of a third mortgage. They alone answered.

The relief sought on the motion was that pursuant to rule 103 of the Rules of Civil Practice the denials contained in the answer be stricken out as sham and frivolous; that pursuant to rule 104 the answer be treated as a nullity on the ground that it is sham and frivolous; that pursuant to subdivision 6 of rule 109 the defense alleged in the answer be stricken out for insufficiency and that pursuant to rule 112 plaintiff be awarded judgment on the pleadings.

The answer, by paragraph "first," denies, by a form of denial referred to below, the allegations of the complaint which allege the execution of the bond by Laura Kafka to Eva Katz, the contents of the bond, the execution and delivery of the mortgage as security for the bond, the recording of the mortgage, its provisions, various assignments of it, the amount paid and the balance alleged to be due; as well as the non-payment of the installment on the principal of the mortgage on October 1, 1925.

The affirmative defense set up in the answer alleges, in effect, that Michele Anastasio and Anthony Anastasio were the owners of certain property known as No. 1360 Grand avenue, borough of The Bronx, the equity in which was $38,000; that one Zlotolow was engaged in dealing in real estate and mortgages, conducting business through dummies; that in the name of one of his dummies, the defendant Laura Kafka, he owned the property affected by the mortgage which plaintiff seeks to foreclose; that, prior to July 8, 1925, Zlotolow was the equitable owner and holder of a mortgage inferior to the mortgage sought to be foreclosed, a third mortgage, standing in the name of another of his dummies, which inferior mortgage was made by the defendant Kafka to the Breeze Realty Corporation whereof the said Zlotolow was an officer; that this third mortgage was by mesne assignments, through dummies of Zlotolow, eventually assigned to Michele Anastasio and Anthony Anastasio as part of the consideration for their said equity in the parcel of real estate in The Bronx, valued at $38,000, the third mortgage being thus used by Zlotolow as a means of procuring from them their title to the Grand avenue property; that it was the purpose, plan and scheme of the said Zlotolow, through and in concert with his dummies, that Laura Kafka, the mortgagor, would default in the payments under the second mortgage, so that the mortgage assigned to the Anastasios would be eliminated for the benefit of a dummy and cloak for Zlotolow; that the third mortgage given to the Anastasios was founded on no consideration

39

but was made for the purpose of being used by Zlotolow, through a dummy, in acquiring from Michele and Anthony Anastasio their Grand avenue property. It is further alleged that the mortgage sold to Michele and Anthony Anastasio was assigned by them to the defendants Salvatore Anastasio and Mary Zabelicky; that the mortgage in process of foreclosure was assigned by Zlotolow to the plaintiff without consideration and for the purpose of furthering the plan and conspiracy of Zlotolow and his dummies to bring about a default in the payment of an installment thereon and its foreclosure; that pursuant to the plan and conspiracy, Zlotolow caused the defendant Kafka, his tool and dummy, to default in the payment of the principal and to bring about the foreclosure attempted herein, and that the defendants conspired to defraud the answering defendants, " their successors and assigns," by this method of making and assigning mortgages and by permitting a default in the second mortgage, so as to eliminate the third mortgage.

The only false or fraudulent representations alleged are that " Zlotolow, falsely representing himself as a broker, but in reality acting for himself," negotiated the sale with the Anastasios. This so-called fraud could not have the effect of leading the Anastasios to believe that they were getting anything other than just what they did get. It might have given them some claim against Zlotolow in relation to the brokerage, but it could not change the fact that they received exactly what they bargained for and expected to get. It could not afford a ground for rescinding the transaction because it did not render the transaction or the property received any different from what the same would have been if Zlotolow were in fact acting solely as a broker. Furthermore, it is not a matter to be redressed at the instance of their assignees, the answering defendants, who are not concerned with it.

They pray that their mortgage, the third, be declared a lien prior to plaintiff's, the second mortgage. Their allegations show they intended to buy a mortgage which would be subordinate to that which plaintiff seeks to foreclose.

Their counsel cites *Goodwin* v. *Thompson* (88 Hun, 598) to sustain their position. In that case there were material, inducing false representations as to the value of certain property and the financial responsiblity of the person who was to pay the indebtedness secured by the mortgages there mentioned. Here the Anastasios took a mortgage knowing it to be a third lien and subordinate to that which plaintiff seeks to foreclose. The alleged lack of consideration for the second mortgage and the circumstances, as alleged, under which it came into existence and was continued, afford no ground for declaring their mortgage to be superior to it.

Subject to it, they took and intended to take an assignment of the third mortgage, and, for all that is alleged, with full knowledge of the facts, including the terms of all the mortgages, all of which were recorded. They simply took the risk of what has happened. They are not without a remedy for they can take over any prior lien if necessary to save their own.

Their plea is not merely to have it declared inequitable that plaintiff should declare the mortgage due according to its terms. It is to have their mortgage declared prior to plaintiff's, the very opposite of that for which they bargained. They cannot have a decree giving them something other and better than they intended to and did buy with full knowledge of all the material facts. The alleged defense is insufficient.

The denials are also defective. Instead of setting up, as to each and every allegation contained in a paragraph, a denial of any knowledge or information thereof sufficient to form a belief, the answer sets forth: " *First.* They deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs marked ' Second,' ' Third,' ' Fourth,' ' Fifth,' ' Sixth,' ' Seventh,' ' Eighth,' ' Ninth,' ' Tenth,' ' Eleventh,' ' Twelfth,' ' Thirteenth,' and ' Fifteenth ' of the complaint herein and, therefore, deny the same."

A denial of knowledge is permitted by the statute. (Civ. Prac. Act, § 261.) It should be proper in form. Otherwise it may be so vague and evasive in effect as to be worthless. Especially will it be of no value, though verified, as the basis of a prosecution for perjury. We are of the opinion that the form adopted in the " first " paragraph of this answer is so defective as to render the attempted denial or denials, if they are meant to be plural, insufficient. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Dahlstrom* v. *Gemunder*, 198 id. 449, 453.)

The only additional denial is one on information and belief that plaintiff is still the owner of the mortgage. In form this denial is proper. But the complaint alleges the assignment to plaintiff and its having been recorded, allegations not effectively denied. Under the circumstances, we do not believe the denial upon information and belief that plaintiff remains the owner is sufficient to raise an issue.

These views make it unnecessary to consider what allegations of the complaint can be put in issue without directly denying the same.

It may be that the facts warrant denial of some of plaintiff's allegations or that the answering defendants have a meritorious defense showing the whole transaction to be fraudulent, for which

reason they should be allowed to serve an amended answer setting forth facts to establish the fraud.

The order should be reversed, with ten dollars costs and disbursements of this appeal to appellant, and the motion granted, with leave to serve an amended answer within twenty days upon payment of said costs and all costs of the action to date, including ten dollars costs of motion at Special Term.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the defendants to serve an amended answer within twenty days from service of order upon payment of said costs and all costs of the action to date.