HERMAN BLAND, Plaintiff, *v.* PETER H. WHITE, Defendant.

Supreme Court, New York County, December 5, 1930.

*Bernard Chambers*, for the plaintiff.

*Louis Ogust*, for the defendant.

FRANKENTHALER, J. As the amended answer was served on September 19, 1930, more than ten days prior to the service of the notice of motion, the present application must be denied in so far as it seeks to dismiss the counterclaim, under rule 109 of the Rules

of Civil Practice, as insufficient and as improperly interposed. The same disposition must be made of that branch of the motion which asks that the counterclaim be dismissed under rule 110 of the Rules of Civil Practice, as *res adjudicata*, that rule also requiring that the pleading be attacked within ten days after its service. That portion of the motion which requests that the first eighteen paragraphs of the amended answer be stricken out must be granted, except as hereinafter indicated, in view of the fact that the denials are of knowledge or information sufficient to form a belief as to " *the* " allegations of various paragraphs of the complaint and not as to " *each* " or " each and every " allegation of said paragraphs. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, 131; *D. & G. Girl Coat Co., Inc.*, v. *Kafka*, 218 App. Div. 607.)  The specific denials that the defendant authorized the attorneys mentioned in the complaint to appear for him seem, however, when liberally construed in favor of the pleader, to constitute denials of the allegations that the attorneys appeared in his behalf either in accordance with the provisions of the promissory notes executed by him or by virtue of any other authorization on his part.  These specified denials, as well as those which controvert the reasonableness of the attorneys' fees charged in connection with the entry of judgment are properly pleaded.  As they do not appear on their face to be sham or frivolous, and as affidavits may not be used to show that they are (*Monica Realty Corp.* v. *Bleecker*, 229 App. Div. 184), they will be permitted to remain in the amended answer.  In so far as judgment on the pleadings is sought pursuant to rule 112 of the Rules of Civil Practice, the motion must be denied, in view of the presence in the amended answer of the specific denials that the defendant authorized the appearance on his behalf of the attorneys who are alleged to have confessed judgment against him.  It is important to observe that the notes are not set forth *in extenso* in the complaint, and that there is no direct averment therein that they contained a provision which authorized the confessions of judgment relied upon.  The pleader contented himself with alleging that the confessions of judgment were made " in accordance with the provisions contained in the said promissory notes," without stating what those provisions were. In this situation the specific denials that the defendant authorized the attorneys to appear in his behalf seem to be broad enough to raise an issue as to whether the notes contained provisions conferring such authority.  There is left for consideration that phase of the motion which seeks summary judgment under rules 113 and 114 of the Rules of Civil Practice.  Although on a companion motion by the defendant, decided herewith, the counterclaim has been deemed insufficient *as a pleading*, the answering *affidavit* of the

defendant is sufficient, in the court's opinion, to indicate the existence of a colorable counterclaim which the defendant never had a real opportunity to assert in Illinois, where the confessions of judgment were entered without his knowledge. In view of the fact that the complaint admits that the defendant was at all times mentioned therein a resident of this State the foreign judgment is not conclusive here. (*Baldwin Building & Loan Association* v. *Klein*, 136 Misc. 752; affd., 231 App. Div. 730.) Even if the judgment were given full faith and credit here, it would not bar the defendant from asserting the counterclaim for breach of warranty. (*Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229; 34 C. J. p. 868, § 1280.) Enough has been shown in the answering affidavits to entitle the defendant to an opportunity of establishing his counterclaim, and the application for summary judgment is accordingly denied. The motion is granted to the extent indicated and otherwise denied, with leave to defendant to plead over within ten days upon payment of ten dollars costs within the same period. Order signed.