ACHILLES H. KOHN, Plaintiff, *v.* PETER LEWIS BEGGI and Others, Defendants.

Supreme Court, New York County, May 10, 1933.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for the plaintiff.

*Cæsar B. F. Barra*, for the defendants Joseph Gennaro and Pietrina R. Gennaro.

BLACK, J. Motion is made for judgment under rules 112 and 113 of the Rules of Civil Practice. The denials contained in the answer raise no issue. (*Steinback* v. *Diepenbrock*, 52 App. Div. 437; *Meuer* v. *Phenix Nat. Bank*, 87 id. 281; *Kneuper Specialty* v. *Kneuper*, 171 id. 555; Rules Civ. Prac. rule 93, subd. 2; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *D. & G. Girl Coat Co.* v. *Kafka*, 218 App. Div. 607; *Lion Brewery* v. *Loughran*, 223 id. 623.)

As to the separate defense which states, " that if such provision [*i. e.*, the assumption of the mortgage] was inserted in any agreement and more particularly as referred to in paragraphs 10, 11 and 12 of plaintiff's complaint, then the same was done through deception and fraud and that the entire transaction was an imposition upon said defendants and entirely illegal and void and of no legal effect," this so-called defense, viewed in the light most favorable to defend-

ants, is but an attempt to set up a defense of fraud in procuring the execution of the extension agreement. Under the authorities I am unable to find the necessary elements to constitute a defense. Neither is it alleged that the fraud and deception were committed by the plaintiff or by any one acting in his behalf. (*Lefler* v. *Field*, 52 N. Y. 621, 622; *Dubois* v. *Hermance*, 56 id. 673; *Kingsland* v. *Haines*, 62 App. Div. 146; *Eccardt* v. *Eisenhauer*, 74 id. 35; *Steiner* v. *American Alcohol Co.*, 181 id. 309; affd., 225 N. Y. 665; *Almirall & Co.* v. *McClement*, 207 App. Div. 320; *McAnsh* v. *Blauner*, 222 id. 381; affd., 248 N. Y. 537.)

The defendants, either by their proposed amended answer, or the supporting affidavit on the motion for leave to amend and used in opposition to plaintiff's motion, fail to give any support to the defendants' claim of a defense to the action. Nor do they contradict any of the statements contained in the moving papers In passing on the cross-motion I have considered the proposed pleading with a view of determining whether there is any merit. I find none and the leave sought must be denied. (*Hanna* v. *Mitchell*, 202 App. Div. 504; affd., 235 N. Y. 534.)

The defendants seek to invoke the general rule that where the holder of the mortgage extends the time of payment by a valid agreement with the owner of the property without the knowledge or consent of the mortgagor, the mortgagor is discharged. In the answer it is alleged that the extension with Beggi was made without the consent, knowledge or acquiescence of the defendants or either of them. The fact is that the agreement which these defendants signed contains a clause which expressly and distinctly reserves the rights of the holder of the mortgage against these defendants notwithstanding any subsequent extension agreements and modifications with subsequent owners. Such clause preserving the liability was legal. (*Mutual Life Ins. Co.* v. *Rothschild*, 160 N. Y. Supp. 164; affd., 177 App. Div. 883; affd., 226 N. Y. 599.)

In the circumstances there is no merit in defendants' contention in this regard.

Plaintiff's motion to strike out the answer and for judgment is granted. Defendants' cross-motion for leave to serve an amended answer is denied.