In the Matter of the Estate of FRIEDEL LICHTMAN, Deceased.

Surrogate's Court, Bronx County, June 23, 1933.

*Henry Lichtig*, for the petitioner.

*Fred Flatow*, for the respondent.

HENDERSON, S. In the decree settling the administrator's account the compensation of the special guardian was fixed and directed to be paid by the administrator. The special guardian now alleges that no part thereof has been paid and sets forth in his petition all the jurisdictional facts prescribed by statute (Surr. Ct. Act, § 115-a) for this proceeding to determine the liability of the surety upon the administrator's bond. The corporate surety has interposed an answer of which the first paragraph, after the opening usual in answers, reads: " 1. Denies any knowledge or information thereof, sufficient to form a belief, as to the allegations contained in the petition herein designated ' first, third, fourth, fifth, sixth, seventh and eighth.' " The answer contains no other denial. One may guess that the respondent means each and every allegation, but it does not so allege, nor does it point out what one or more particular allegations it denies. This form of denial has been held " so defective as to render the attempted denial or denials, if they are meant to be plural, insufficient." (*D. & G. Girl Coat Co., Inc.,* v. *Kafka,* 218 App. Div. 607, 611; *Bland* v. *White,* 138 Misc. 715.)

The petitioner urges such insufficiency in his brief but has not formally moved with reference thereto. Under the circumstances, the denials will be considered as if sufficient. All of the allegations,

except one of the allegations contained in paragraph " fifth," are sustained and supported by the records and files of this court pertaining to this decedent's estate of which judicial notice may be taken. (*Matter of Surpless*, 143 Misc. 48, 50.) The other allegation in paragraph " fifth " is that the administrator has not paid the petitioner the amount directed by the decree or any part thereof. The truth of this allegation was established by the evidence submitted upon the hearing held to determine the issue of non-payment. The respondent admits, by its silence with respect to the allegations thereof, that it is the surety upon the administrator's bond for $6,302, filed in this court to qualify him to receive his letters and that the condition of such bond is as alleged by the petitioner. I find as a fact each of the allegations contained in the petition.

The surety also alleges four separate defenses:

*First.* " That it was not cited nor was it a party to the proceeding wherein the administrator accounted herein, and in which the services alleged by the petitioner to have been rendered were performed and his fee therefor ordered to be paid."

It appears that the respondent surety was duly cited in such proceeding by the delivery in New York city on June 11, 1932, of a copy of the citation therein stated to be issued upon the petition of the administrator and returnable June 22, 1932, to the assistant secretary who now verifies respondent's answer. It was, therefore, a party to that proceeding in which the petitioner was appointed special guardian and his compensation for services as such guardian was fixed and ordered paid. The respondent does not attack such service, but interposes this defense on the ground that such citation served upon it was issued in the proceeding brought to compel the administrator to account, and that such proceeding should have been, but was not consolidated with the proceeding commenced by the administrator's petition to settle his account. The surety was not a necessary party to, nor was it cited in, the first proceeding (Surr. Ct. Act, §§ 259 and 260), and the citation therein was issued upon the petition of an alleged creditor. That proceeding was terminated by the entry on November 10, 1931, of an order directing the administrator to account. The administrator did not file his account nor any petition until April 25, 1932, after he had been duly adjudicated guilty of contempt in the first proceeding by an order entered on April 6, 1932. The two proceedings could not, therefore, be consolidated either by statutory direction (Surr. Ct. Act, § 260), or in the discretion of the court (Surr. Ct. Act, § 65).

*Second.* " That the proceedings in the within estate have been wholly irregular and without authority in law."

The respondent's contention is the same as that noted above with reference to the first defense.

*Third.* " That the surcharge herein, if any, was made without notice to the respondent and without respondent having an opportunity to contest the same."

The surcharge was made after a hearing of which due notice was given by the attorney for a claimant whose claim as a creditor was later disallowed, to the administrator, his attorney and the special guardian. There were no other appearances in the proceeding. The respondent did not file any notice of appearance or any pleading and was, therefore, not entitled to any notice, though it could have attended and taken part in the hearing if it so desired. It was duly cited. Notice that objections would be heard on a specified date was published in the usual manner in the New York Law Journal with other opinions and notices of this court.

*Fourth.* " The surcharge herein was improper."

The surcharge was made after a hearing in which the successful attempt to surcharge him was contested by the administrator. The decree containing the surcharge and the direction to pay the petitioner settled the account and found a balance of $6,302.37, of which the administrator's distributive share is $611.38. The decree has not been opened, vacated, modified or reversed, and is conclusive upon the respondent. (Surr. Ct. Act, §§ 80, 274.)

Each of the four defenses is dismissed upon the merits.

The application is granted. The respondent's liability to the petitioner is fixed in the sum directed to be paid him in said decree, with interest from the date thereof, together with his necessary disbursements. The respondent is directed to pay to the petitioner the aggregate amount of such liability. Tax disbursements and settle decree.