Nathan Gellens, a Bondholder and Trust Beneficiary under an Indenture Executed by the Theatre Zone Realty Co., Inc., Suing on Behalf of Himself and All Other Bondholders and Trust Beneficiaries Similarly Situated, Respondent, *v.* The Continental Bank and Trust Company of New York, Appellant.

First Department, June 21, 1934.

*John W. Kelly* of counsel [*Frank J. Podesta* with him on the brief; *Wise, Shepard & Houghton,* attorneys], for the appellant.

*George J. Langley* of counsel [*Daniel F. Cohalan* with him on the brief; *Samuel Hoffman,* attorney], for the respondent.

*Edward M. Weld* of counsel [*Cotton, Franklin, Wright & Gordon,* attorneys], for the Real Estate Bondholders Protective Committee, *amicus curiæ.*

Untermyer, J. The plaintiff, claiming to be a bondholder under a trust indenture of which the defendant is trustee, instituted this

action on behalf of himself and all other bondholders similarly situated to require the defendant to make *pro rata* distribution among the bondholders of a sum of money which it had received on account of interest and principal. The plaintiff's motion for summary judgment was granted by the court at Special Term.

We think there is at least one objection which is fatal to the judgment. The foundation of the plaintiff's cause of action is the ownership of a bond or bonds of the issue which he assumes to represent. Paragraph 16 of the complaint accordingly alleges " That this action is brought by the plaintiff on behalf of himself and all other holders of bonds similarly situated, none of whom have received payment of the interest due, as above mentioned, on or about the 1st day of July, 1931." Paragraph 18 also alleges: " That the plaintiff is a bondholder under the foregoing bond issue herein referred to as security for the payment of which the above indenture * * * was executed." By paragraph 9 of its answer the defendant " denies that it has any knowledge or information sufficient to form a belief as to any of the allegations contained in paragraphs 16 and 18 of the complaint, except it admits upon information and belief that no payment of interest has been made to any of the bondholders under said issue since on or about July 1, 1931."

With the record in this condition the plaintiff should by affidavit setting forth " evidentiary facts " (Rules Civ. Prac. rule 113) have met this direct challenge to his claim of ownership of a bond. Yet the plaintiff ignored this issue entirely and failed to include in any affidavit submitted on the motion any fact tending to establish the ownership of a single bond which would entitle him to maintain the action. Consequently, a contested issue essential to the plaintiff's cause of action was not sustained by proof of any facts. This precluded the granting of summary judgment unless, as the plaintiff contends, the denials in paragraph 9 of the answer of " knowledge or information sufficient to form a belief," on account of imperfections in form, are insufficient to create an issue of fact concerning the plaintiff's ownership of any bond.

It is contended that these denials are imperfect in form because the defendant in pleading to paragraphs 16 and 18 of the complaint did not do so in the manner prescribed by section 261 of the Civil Practice Act by pleading to " each " allegation as to which knowledge or information was denied. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Thompson* v. *Wittkop*, 184 id. 117; *D. & G. Girl Coat Co., Inc.*, v. *Kafka*, 218 App. Div. 607; affd., 245 N. Y. 646.) But it does not follow that such a denial, even if defective in form, might be treated as a nullity. If the plaintiff was in doubt as to what was

intended to be denied, his remedy was by motion to make more definite and certain (Rules Civ. Prac. rule 102). He could not have availed himself of this imperfection to deprive the defendant of a trial of the action. (*Kirschbaum* v. *Eschmann, supra; Thompson* v. *Wittkop, supra.*) For identical reasons he could not treat these allegations as admitted by ignoring the denial on a motion for summary judgment under rule 113.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.